HAINES v. BARNEY.

(Supreme Court, Appellate Term. November 27, 1900.)

BROKERS—COMMISSIONS—SALE—EVIDENCE.

    Where, in an action by a broker to recover commissions for a sale of defendant's real estate, it appeared that plaintiff had inquired of defendant concerning a plat embracing the lands in question, and that thereafter the purchaser wrote to plaintiff, asking the price of the lands, and she obtained the information from one of defendant's clerks and informed the purchaser, but other brokers actually negotiated the sale, a verdict for plaintiff was erroneous.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Laura J. Haines against Charles T. Barney. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

C. E. Miller, for appellant.

E. M. Wright, for respondent.

O'GORMAN, J.  In December, 1898, the defendant, as owner, sold to the Evangelical Lutheran Church a piece of land in the city of New York; and this action is brought by the plaintiff, a real-estate broker, to obtain commissions on such sale.  The only conversation between the plaintiff and the defendant occurred in September, 1897, when the plaintiff made some inquiries respecting a plot of land embracing the lots in question.  About that time she had a conversation with the pastor of the church regarding the contemplated purchase by the church.  Subsequently, in June, 1898, one Zollikofer, the treasurer of the church, wrote to the plaintiff, asking the price of the two lots which were thereafter purchased by the church.  Plaintiff thereupon visited the defendant's office, and obtained the desired information from one of the defendant's clerks, and communicated it to Mr. Zollikofer.  Nothing further seems to have been done by the plaintiff.  Other brokers interested in the sale of the property, who also called it to the attention of the treasurer of the church, negotiated the sale, which was closed on December 15, 1898.  It is uncontradicted that the sale, as finally concluded, was after the completion of the negotiations conducted by these other brokers, to whom the defendant paid the usual commissions.  Even if it should be assumed that the plaintiff was the first broker to call the attention of the purchaser to this identical piece of property, that circumstance in itself would not make the defendant liable in this action.  The plaintiff's right to compensation was dependent upon the performance of her obligation to bring the buyer and the seller to an agreement.  This she did not do, and made no effort to accomplish.  There is no evidence in this case to sustain the contention that the sale, as finally consummated, was induced by this plaintiff.  The judgment in her favor, being without evidence to support it, must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.  All concur.