### H. G. WATERS & SON v. RAFALSKY.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

1. BROKERS (§ 84*)—COMMISSIONS—WHEN EARNED.
   A broker, to recover commissions for procuring a purchaser, must show that he was the procuring cause of the sale.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 104; Dec. Dig. § 84.*]

2. BROKERS (§ 53*)—COMMISSIONS—WHEN EARNED.
   The mere fact that real estate was sold to the person to whom a broker, employed to procure a purchaser, had five or six months previous to the sale given the information, without informing the owner or doing anything further to effect a sale, was not sufficient to entitle the broker to commissions.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

Appeal from Trial Term, Erie County.

Action by H. G. Waters & Son against Mark Rafalsky. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Irving L. Fisk, for appellant.
Leonard W. Gibbs, for respondents.

KRUSE, J. The judgment against the defendant, from which this appeal is taken, is founded upon a verdict for brokers' commissions, claimed to have been earned by the plaintiffs for effecting the sale of certain real property belonging to the defendant, and placed upon the market for sale with the plaintiffs, as brokers. The property was so placed with the plaintiffs in January, 1906, at the selling price of $200,-000, with a commission of 2 per cent. to the plaintiffs. In the following April, or 1st of May, the plaintiffs called the attention of one Maxon W. Tifft to the property, giving him the price and terms of sale, and furnishing him the amount of rent received therefrom; but nothing more was done by the plaintiffs to induce Tifft to purchase, or to

bring about an agreement between him and the defendant. Indeed, the plaintiffs did not even call the attention of the defendant to Tifft as a prospective buyer until the following October, after negotiations had been concluded and an agreement made directly between the defendant and Tifft for the sale of said property. On the 27th day of September, 1906, an agreement in writing between the defendant and Tifft was made for the sale of said property at the sum of $187,000. Tifft bought the property for his mother, and the deed was made to her October 15, 1906. There is no evidence that the defendant knew, or had any reason to believe, that Tifft had seen the plaintiffs about the property, or that the plaintiffs had ever called the attention of Tifft to the property, until after the defendant had agreed to sell the property to Tifft.

The learned trial court correctly held that the plaintiffs must establish that they were the procuring cause of the sale, and so instructed the jury. We, however, are of the opinion that the evidence was insufficient to submit that question to the jury. The mere fact that the property was sold to the same person to whom the plaintiffs had, five or six months previous to the sale, given the information, without informing the defendant, or doing anything further to effect a sale, is not sufficient to entitle the plaintiffs to commissions.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

