WALKER v. STERRY.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. BROKERS (§ 51*)—COMMISSIONS—WHEN EARNED.
　　Where the owner of real estate agreed with a broker that, if he induced a prospective customer to visit the owner, and he should have his commission if the owner concluded the sale, it was unnecessary for the broker to notify the owner when he was able to induce a customer to make the visit.
　　[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 69; Dec. Dig. § 51.*]

2. WITNESSES (§ 402*)—RIGHT TO CONTRADICT TESTIMONY OF ONE'S OWN WITNESS.
　　While a party offering a witness cannot impeach his veracity, he may show by other evidence that the witness has misrepresented material facts.
　　[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1268; Dec. Dig. § 402.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　130 N.Y.S.—51

Appeal from Trial Term, Suffolk County.

Action by John E. Walker against James W. Sterry. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Clarence De Witt Rogers, for appellant.

Robert S. Pelletreau, for respondent.

WOODWARD, J. This is an action to recover a commission of 5 per cent. upon $2,200, the purchase price of a certain piece of real estate. There was evidence which would justify the jury in finding that the plaintiff was employed by the defendant to find a purchaser of the premises in question at $2,500; that the defendant, in conversation with the plaintiff, had talked of the feasibility of selling the premises to one Sekine, a neighbor of the plaintiff, who was engaged in raising fruit; that the defendant had given the plaintiff to understand that he should have the commission whether the sale was effected between the plaintiff and Sekine or was consummated by inducing Sekine to negotiate directly with the defendant at his office in New York; that the plaintiff did negotiate with Sekine; and that the latter subsequently called at the office of the defendant in New York and there entered into a contract for the purchase of the premises at $2,200, which contract was subsequently carried out by a delivery of a deed of the premises. The jury has found these facts, rendering a verdict for the full amount of the plaintiff's claim, and the defendant appeals from the judgment and from an order denying his motion for a new trial upon the minutes.

[1] The defendant urges, upon the authority of Waters & Son v. Rafalsky, 134 App. Div. 870, 119 N. Y. Supp. 271, that the complaint should have been dismissed, because the plaintiff, in sending Sekine to the defendant, did not notify him that he (Sekine) was the plaintiff's proposed customer, and this would no doubt be true if the plaintiff had merely showed the property to Sekine and had sent him as an entire stranger to the defendant, without any previous arrangement with the latter; but the evidence is such as to permit the jury to find that the plaintiff and defendant had talked over the matter of selling to Sekine, and that the defendant had directed the plaintiff to send Sekine to him for final negotiations if the plaintiff was unable to deal with him, so that there was no necessity for a formal notification of the defendant when the plaintiff was enabled to induce Sekine to visit the defendant at his New York office—the plaintiff, in this, was fulfilling a part of his employment.

[2] Nor are we able to discover that the court erred in refusing to set aside the verdict as being contrary to the evidence. It is true that Sekine, who was called by the plaintiff, failed to substantiate the plaintiff's version of what took place, that he testified that he had had no conversations with the plaintiff in reference to the property until after he had purchased the same from the defendant, and that the plaintiff did not send him to the defendant for further negotiations; and this testimony was in harmony with the defendant's theory

of the case, but we know of no rule which requires the jury to believe disputed testimony, even where the witness is called by a party. It is true, of course, that a party offering a witness vouches for his integrity, in the sense that he is not permitted to impeach him; but a party is not precluded from showing by direct evidence that a material fact is different from that testified to by his own witness, and the jury had the right to accept the testimony of the plaintiff and his wife upon the material issues, even though Sekine testified directly to the contrary. Coulter v. American Merchants' Union Express Co., 56 N. Y. 586, 589. This same case is, we believe, a sufficient authority for the ruling of the court in permitting the plaintiff to testify to a conversation with Sekine, after the latter had denied having the conversation. This conversation related to the material issue in the case, would have been entirely proper on the original direct examination of the plaintiff, and was not rendered incompetent because Sekine had denied having such conversation.

We discover no force in the contention that the verdict was contrary to the law of the case as stated by the court in its charge. The charge was made to please the defendant, three distinct requests were charged in the language chosen by the defendant, and the evidence supports the verdict of the jury in harmony with the instructions.

The judgment and order appealed from should be affirmed, with costs. All concur.