SAMUEL BERGOFFEN and Another, Respondents, *v.* SAMUEL GLASSER, Appellant.

Supreme Court, Appellate Term, First Department, December 30, 1924.

**Brokers — commissions — action for brokers' commissions on sale of defendant's property — defendant claims another negotiated sale — plaintiffs claim to have called purchaser's attention to property but did not show on trial that they had brought parties together or that they ever informed defendant as to prospective purchaser — failure of plaintiffs to produce purchaser or effect sale precludes recovery — judgment reversed and complaint dismissed.**

A judgment in favor of the plaintiffs in an action for brokers' commissions on the sale of the defendant's property should be reversed and the complaint dismissed, where it appears that the defendant claimed that another actually negotiated the sale of the premises and that the plaintiffs claimed that they were the first to call the attention of the purchaser to the offer of the defendant to sell the property, but offered no testimony showing that they had brought the parties together or that they ever informed the defendant as to the prospective purchaser.

Moreover, there was a total absence of proof which would indicate that the plaintiffs did anything to produce the purchaser of the premises or effect the sale.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of plaintiff for the sum of $108.45 damages and costs.

*Benjamin Koenigsberg*, for the appellant.

*Bernard J. McEntegart*, for the respondents.

LEVY, J.:

This is an action for brokers' commissions. Plaintiffs predicate their rights to judgment on the fact that they were the first to call the attention of the purchaser to the offer of the defendant to sell his property, their position being that they were thus the procuring cause of the sale. Defendant denies that plaintiffs were entitled

to the commission and alleges that another, one Schwartz, actually negotiated the sale. To bring themselves within the rule which makes requisite to recovery for broker's commissions, the allegation and proof that the parties seeking to recover were the procuring cause of the sale, plaintiffs urge the negotiations which they had with the ultimate purchaser of the property in question. Chiefly, these took the form of consultation with such purchaser during which he was apprised of the fact that they were the brokers through whom the property had been offered for sale. No testimony was, however, offered showing the rather important requisites, for instance, that the plaintiffs had brought the parties together or that they ever made known to the defendant who the prospect was, or that their efforts culminated in the deal that brought the parties to an agreement. Even assuming as proved everything plaintiffs related, and allowing them the benefit of every reasonable and possible inference, the record is nevertheless altogether barren of any evidence tending to establish these essentials. Neither of the plaintiffs would venture to testify that he consummated the transaction, nor did plaintiffs produce any proof which would in the slightest measure indicate that they were the actual procuring cause. In answer to a question by defendant's counsel on cross-examination, " You never introduced the purchasers, the Kendelsteins, to Mr. Glasser? " Bergoffen, one of the plaintiffs, replied: " I did not; no." The other plaintiff was equally silent upon this point. The lack of such proof in circumstances such as these is fatal to plaintiffs' right to recovery. The mere fact that the property was sold to the very person to whom the plaintiffs had given the information, they failing to make known to the defendant who such purchaser was, or doing anything further to effectuate the sale, is in and of itself insufficient to entitle them to commission. (*Rae Co.* v. *Kane,* 121 App. Div. 494; *Haines* v. *Barney,* 33 Misc. 748; *Waters & Son* v. *Rafalsky,* 134 App. Div. 870.) The law is particularly clear on this question. The Appellate Division in the second department in the *Rae Case* (*supra*), where judgment was rendered below for the broker, in reversing the same, took occasion to say: " The motion to direct a verdict for the defendants should have been granted. The plaintiff was entitled to a commission only on finding and *producing a purchaser.* It did not produce the purchaser or *even notify the defendants that it was negotiating with the purchaser.* The defendants made the sale through another broker, agreeing to pay him a commission, without knowing that the plaintiff had ever done anything to sell the land to the board of education." (Italics ours.) And further: " that up to this time

the plaintiff had never informed the defendants and they did not know that the board of education or the city was a proposed purchaser, or that any effort had been made to sell the defendants' farm to it." This is conclusive. In the *Barney Case (supra)*, where the facts were similar to those in the instant case, the court said: " Even if it should be assumed that the plaintiff was the first broker to call the attention of the purchaser to this identical piece of property, that circumstance in itself would not make the defendant liable in this action. The plaintiff's right to compensation was dependent upon the performance of her obligation to bring the buyer and the seller to an agreement. This she did not do, and made no effort to accomplish. There is no evidence in this case to sustain the contention that the sale, as finally consummated, was induced by this plaintiff. The judgment in her favor, being without evidence to support it, must be reversed."

So here, in the absence of such proof as obviously seems necessary to recovery, the trial court was not warranted in submitting the cause to the jury. Indeed, to sustain this verdict would be to set an unusual and dangerous precedent, as, in effect, we would be holding that a seller of property is fully liable to a broker for commission solely and simply because the latter had offered the property to a prospective purchaser who ultimately bought it, regardless of any other consideration. To such a declaration of principle we are not yet committed and as we have determined from the evidence that these plaintiffs were not the procuring cause, the judgment must be reversed and the complaint dismissed.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, WAGNER and LEVY, JJ.