### OPPENHEIMER v. BARNETT et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

BROKERS (§ 74*)—COMMISSIONS—LIABILITY FOR.

Purchasers of land were under no legal obligation to the owner's broker, and could so arrange the purchase as to permit another broker to procure the commission, though the owner's broker drew their attention to the property, and he has no cause of action against the other broker; his remedy being against his principal, if he was the procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. § 74.*]

Appeal from Special Term, New York County.

Action by Henry Oppenheimer against Mary Barnett and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

Edward A. Alexander, for appellant.

McLAUGHLIN, J. This action was brought to recover brokerage commissions alleged to have been earned by the plaintiff in the sale of real estate and obtained by the defendants from one Lowenthal, the owner, by fraud and deceit. The fraud and deceit are alleged to have consisted in inducing Lowenthal to believe that one Gregory, and not the plaintiff, had been the procuring cause of the sale, by reason of which fact Lowenthal paid Gregory the commissions. The complaint alleged that Lowenthal employed the plaintiff as his broker to sell the real estate in question and agreed to give him a commission of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1 per cent. for so doing; that the plaintiff, pursuant to such employment, offered the property to the defendants Barnett and Blumenthal, and they, through his efforts, purchased the same for $69,500; · that thereafter the defendants, for the purpose of cheating and defrauding the plaintiff, and obtaining the payment of such commissions, falsely, and fraudulently represented to Lowenthal that the defendant Gregory was the broker who procured the sale and he was entitled to the commissions; that Lowenthal, relying upon such representations, and believing them to be true, paid to Gregory the sum of $695, the commissions which had, in fact, been earned by the plaintiff. The answer put in issue the material allegations of the complaint.

At the trial it appeared that some time prior to May, 1905, Lowenthal was the owner of certain real estate situate on Second avenue in the city of New York, and he authorized the plaintiff, a real estate broker, to sell the same for $70,000, and agreed if he did so to pay him a commission of 1 per cent.; that in pursuance of the employment the plaintiff submitted an offer, not from the defendants, or either of them, of . $68,500, which was refused; that subsequent to the refusal the plaintiff called on the defendant Barnett and told her that the real estate in question was for sale and could be purchased for $70,000; that $68,500 had been offered and refused, and he asked her to make an offer for it, which she declined to do, saying she would look at the property the next day; that on the following day he asked her over the telephone if she had looked at the property, and she replied that she had not, but intended to do so; that, not hearing from her, on the following Wednesday he again telephoned, and she then asked him what was the lowest price for which the property could be purchased, and he replied, "I told you the price; $68,500 was offered" and refused; that he again asked her to make an offer, which she declined to do; that a day or so later he again telephoned her, and asked if she had seen the property, and she said she had not, and asked him, "Don't you think you can buy it for less?" and he answered, "Let me submit offer," which she did not do; that the plaintiff heard nothing further until the following Monday, when Lowenthal's wife told him there had been somebody there on Sunday inquiring about the property, and the plaintiff thereupon said, "I am very sorry, but I have got people very much interested, and I do not know why they do not let me make an offer; I am expecting to hear from them during the day;" that immediately thereafter the plaintiff telephoned to the defendant Barnett, the communication being answered by the defendant Blumenthal, and the plaintiff said to her that an offer had been made for the property, and asked if she wanted it to make an offer, saying that "If you will only let me make an offer, I will try and stop it," to which she said, "I cannot help it if the property is sold;" that the following morning he telephoned the owner, Lowenthal, who informed him he intended to sell the property that day at 2 o'clock unless plaintiff could sell it, and the property was sold at the time stated to the defendants Barnett and Blumenthal, the defendant Gregory acting as the broker, who represented, to which both of the other defendants agreed, that he had been the procuring cause

of the sale and was entitled to the commissions, whereupon Lowenthal paid him 1 per cent. of the purchase price.

It also appeared that Lowenthal had a conversation with Gregory immediately prior to the sale, and then said to him that he had given the preference of making the sale to Oppenheimer, and, if Oppenheimer was not able to make an offer at the price which Gregory made, he would accept Gregory's offer, and he would be entitled to the commissions. Lowenthal thereupon communicated with the plaintiff, and told him he had a better offer than $68,500, and plaintiff said he could not make any better offer than that, and, if Lowenthal could get any more, then sell; that the plaintiff never introduced him to the defendants Barnett or Blumenthal, never told him they wanted the property, and at the time the sale was made he did not know they were the parties with whom the plaintiff was negotiating. It further appeared that Gregory divided his commissions with the purchasers. Just how much he gave them does not clearly appear from the record; but it is fairly to be inferred that it was at least one-half, and that he had divided his commissions with them in previous transactions.

There is no doubt that, when the defendants purchased the property in question, they intended to dispense with Oppenheimer for the sole purpose of having Gregory get the commissions; but they had a legal right to do this. Oppenheimer did not represent them, and they were under no legal obligations to him. He was the broker who represented the owner, and if he made a sale the owner had agreed to pay him commissions. True, he had called their attention to the fact that the property was for sale, but that in no way obligated them to make the purchase through him. On the contrary, they could go directly to the seller and make the best trade they could with him, or they could purchase through some broker whom they selected themselves. In either case the broker whom the seller had originally employed would have no cause for complaint against them, or against the broker to whom the seller paid the commissions. If the plaintiff was entitled to commissions at all, it was from the seller; and if he was the procuring cause of the sale he must look to him, and not to the purchaser. It is, to say the least, a novel suggestion that the purchaser of real estate is obligated in some way to see that a broker employed by the seller gets the commissions to which he claims he is entitled.

The judgment is right, and should be affirmed, with costs. All concur.