ALFRED BASCH, Respondent, v. THE SALVATION ARMY, Appellant, Impleaded with TOLLEY CAKE CORPORATION, Defendant.

First Department, April 12, 1935.

*R. Keith Kane* of counsel [*John M. Gaston, Jr.*, with him on the brief; *Cadwalader, Wickersham & Taft.* attorneys], for the appellant.

*Howard C. Kelly* of counsel [*Eugene L. Brisach*, attorney], for the respondent.

McAvoy, J. Plaintiff's action against Tolley Cake Corporation is for broker's commissions, while his cause against the Salvation Army is for damages caused by this defendant acting in concert with Tolley Cake Corporation to deprive plaintiff of his commissions.

In October, 1930, plaintiff learned that the Salvation Army was interested in the premises of Tolley Cake Corporation, so he went to see Mr. Meeker, the agent of Tolley Cake Corporation, and obtained from him the particulars concerning the property. Plaintiff testified that Mr. Meeker agreed that Tolley Cake Corporation would pay to him full commission, in the event that he procured a sale of the property, and that he informed Mr. Meeker that the Salvation Army was the prospective customer for the building. The asking price was $315,000, but $285,000 was the minimum sale price. This information was communicated to the Salvation Army, and it authorized plaintiff to offer $250,000 for the property, on or about November 21, 1930. On the same day this offer was communicated to Mr. Meeker, who refused to accept it, and stated that he was holding the premises for $285,000.

Plaintiff further testified that he reported on November 22, 1930, to Colonel Post of the Salvation Army that the owner would not sell for $250,000 and that the colonel asked him to let the matter rest for a week and by that time it was possible that Mr. Meeker might be willing to sell for a less amount.

It appears that about November 4, 1930, the property board of the Salvation Army requested Colonel Post to procure an appraisal of the property, and that the colonel communicated with William E. G. Gaillard of the Gaillard Realty Company on November seventh. On November eighth Mr. Gaillard submitted his appraisal at $250,000.

Plaintiff claims that he requested Colonel Post on several occasions to increase the offer to $265,000, and that he could get the property at a slight increase over $250,000, but Colonel Post would not increase the offer and Mr. Meeker would not lower the price of $285,000.

Colonel Post admitted that subsequent to November seventh he telephoned to Mr. Gaillard (who fixed the time as November 24, 1930), and asked him what he thought the property could be bought for. Mr. Gaillard said that he thought it could be purchased for $275,000, or possibly less, whereupon Colonel Post directed him to go ahead. Mr. Gaillard admitted that Colonel Post had informed him that Mr. Basch (plaintiff) had offered the property to the Salvation Army, but it could not be purchased for less than a certain amount; that his authority was to proceed to purchase the property without any instructions as to Mr. Basch.

Mr. Gaillard withheld from Mr. Meeker the fact that he represented the Salvation Army until the price and terms, and the agreement to split even the commission (half to Gaillard Realty Company and half to Mr. Meeker) had been arranged. He then for the first time divulged the fact that the Salvation Army was the purchaser.

The same afternoon Mr. Gaillard called Colonel Post and notified him that everything was settled and that he should have a check for $15,000 as a deposit on the contract. The next morning, Tuesday, November 25, 1930, Colonel Post had the property board authorize the purchase at $275,000, but did not tell plaintiff.

Mr. Gaillard received the check to pay on the contract. In the contract Mr. Gaillard was named as the person acting on behalf of the Salvation Army and was authorized to sign his name " acting on behalf of The Salvation Army."

It was stipulated at the trial that the defendant Tolley Cake Corporation had been adjudicated a bankrupt after the execution of the contract of sale and before the trial and that no funds had been distributed.

Defendant's testimony was to the effect that on November 22, 1930, Colonel Post told the plaintiff to " lay off any further negotiations, we were not interested in it at that figure; " that on Mr. Gaillard's representation that the property could be purchased for less than $285,000, he told Gaillard that plaintiff had been working on the property, " but that apparently we could not get any further; " that on or about November 25, 1930, Mr. Gaillard reported to Colonel Post that the property could be purchased for $275,000, and Colonel Post directed him to purchase the property at that figure; that the property board of the Salvation Army later ratified and authorized the purchase of the property at that price.

Colonel Post denied having any conversation with Mr. Gaillard with respect to commissions on the property, although he said he thought the plaintiff " should be taken care of in some way." Colonel Post did not have any conversation with any representative, employee or officer of Tolley Cake Corporation, and never met

anybody connected with that company, nor did he state to plaintiff that the Salvation Army would pay plaintiff anything. He did not tell Mr. Gaillard to sign the contract of sale on behalf of the Salvation Army and he never asked Mr. Gaillard to do anything with respect to the property in question other than to obtain it for the Salvation Army for the sum of $275,000.

Mr. Gaillard corroborated Colonel Post, with the exception of denying that it was suggested that he should take care of the plaintiff. He admitted that Colonel Post had not asked him to sign the contract of sale on behalf of the Salvation Army, but that he did that on his own responsibility for the purpose of saving time. He considered that he was only acting as a broker in effecting the sale and not as the agent of the Salvation Army. He did not tell Colonel Post about his agreement with Mr. Meeker of the Tolley Cake Corporation with respect to commissions. Since there was a separate agreement with respect to commissions, the contract of sale which was delivered to Colonel Post remained silent on the question.

The court charged the jury that, in order to hold the defendant, the Salvation Army, liable to the plaintiff, the jury must first answer the following questions in the affirmative:

(1) Did the plaintiff, Alfred Basch, perform his contract with the Tolley Cake Corporation and become entitled to receive commissions from the Tolley Cake Corporation?

(2) Did the defendant, the Salvation Army, act in concert with others, with the improper purpose of depriving the plaintiff of such commissions and inducing the result that the Tolley Cake Corporation withheld the commissions so earned by the plaintiff and diverted them to some other person or persons?

The jury answered these questions in the affirmative.

The plaintiff, in order to be entitled to commissions from Tolley Cake Corporation, had the burden of proving that he produced a buyer, ready, willing and able to purchase the property for $275,000. This he failed to do. At no place in the testimony does it appear that the seller authorized the plaintiff to accept less than $285,000. It makes no difference that a second broker may procure a purchaser on less favorable terms than those originally given to the first broker by the owner of the property, as long as the first broker has been unsuccessful in procuring the terms which he was authorized to obtain. (*Freedman* v. *Havemeyer*, 37 App. Div. 518.)

The plaintiff does not claim a special agreement with the purchaser (the Salvation Army). He relies solely on the alleged conspiracy to deprive him of his alleged right to commissions payable by the defendant, Tolley Cake Corporation.

The Salvation Army was free to call in a second broker in its attempt to effect more advantageous terms of purchase of the property in question than those which the plaintiff repeatedly indicated he could obtain.

Even if the jury were justified in concluding that the plaintiff was the procuring cause of the sale in question, it is clear from the record that the Salvation Army did not conspire or act in concert with the defendant, Tolley Cake Corporation, to pay commissions to the second broker Gaillard rather than to the plaintiff. There is no testimony whatsoever from which any inference of such conspiracy may be drawn.

The judgment so far as appealed from should be reversed, with costs and the complaint dismissed as against the Salvation Army, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment so far as appealed from reversed, with costs, and the complaint dismissed as against the Salvation Army, with costs.