STEPHEN MILLER, Respondent, v. PETER TRUSS, Appellant, Impleaded with Another.— No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ALBERT NAHMAN, an Infant, by JACK NAHMAN, His Guardian ad Litem, et al., Appellants, v. WORTMAN DAIRY FARMS, INC., et al., Respondents.— No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

NEW YORK TELEPHONE COMPANY, Appellant, v. BERSIN ENGINEERING CORPORATION et al., Respondents.— No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

BEN PERETZ, Appellant, v. JULIUS ROSENBLOOM et al., Respondents.— (*Manning* v. *Gould*, 90 N. Y. 476; *Finkelstein* v. *Punie*, 162 App. Div. 119.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

HARRIET PORTMAN, Respondent, v. ISRAEL BURACK et al., Appellants.— The complaint does not contain facts sufficient to show that, if defendants had not interfered, plaintiff would have earned a commission. (*Union Car Advertising Co.* v. *Collier*, 263 N. Y. 386, 401.) The words "that the plaintiff's negotiations proceeded to a point where a contract of sale would probably have resulted, except for the conduct of the defendants, hereinafter described" are not sufficient even if the word "probably" had been omitted. They are merely a statement of a conclusion. If facts were stated showing that negotiations between plaintiff and defendants had reached a stage as a result of which plaintiff would have earned a commission if it were not for the alleged deceit of defendants, a cause of action would have been stated. (*Union Car Advertising Co.* v. *Collier*, *supra*; *Skene* v. *Carayanis*, 103 Conn. 708.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.