NEWBERRY & COMPANY, INC., Respondent, *v.* GEORGE W. WARNECKE & CO., INC., et al., Appellants.

First Department, February 11, 1944.

*Edward H. Spencer* of counsel (*Melber Chambers* with him on the brief; *Sage, Gray, Todd & Sims,* attorneys), for appellants.

*Gustave B. Garfield* of counsel (*Davidson & Mann,* attorneys), for respondent.

Cohn, J.  Plaintiff, a licensed real estate broker, was employed by Irving Trust Company to sell certain improved real property on terms to be mutually agreed upon between the seller and any proposed buyer.  The engagement implied that plaintiff was to be paid by the seller the customary commissions in the event that it brought about a sale of the property.

In endeavoring to effect a sale plaintiff inserted the following advertisment in the *New York Times:* " Opportunity for Investor with $42,000 cash to acquire fine apartment building, New York City; price only 64% of original mortgage; convenient location; small units, fully rented; 10 year mortgage; good net income; principals only.  Newberry & Co., 2061 Broadway (72d)."

Purporting to be a principal interested in buying the premises, defendant Hubsch communicated with and obtained from plaintiff further particulars which included the address of the property and other details.  It was also stated by plaintiff that the owner might consider an offer of $225,000 with $42,000 cash.  Hubsch was an employee of defendants, George W. Warnecke and George W. Warnecke & Co., Inc., and was actually acting in their behalf in connection with the transaction.

Having thus obtained the information from plaintiff, defendants then started negotiations directly with Irving Trust Company, pretending that defendant Harry Casper was a prospective purchaser and that defendant George W. Warnecke & Co., Inc., was the broker.  Thereafter a sale was consummated at a price of $220,000 with $40,000 cash.  Title was taken in the name of defendant Casper; but he was merely a dummy for the actual purchaser which was George W. Warnecke & Co., Inc., or George W. Warnecke.

In addition to alleging the foregoing facts in its complaint, plaintiff charges that all defendants had entered into a scheme

and conspiracy to cheat and deprive plaintiff of its real estate brokerage commission and to cause a breach of its agreement with the Irving Trust Company. Damages in the sum of $5,000 are demanded.

In our opinion the allegations of the complaint, regarded in a light most favorable to plaintiff, do not state a cause of action. Though we assume to be true, as we must, that defendant Hubsch misrepresented to plaintiff the capacity in which he was acting when he sought particulars of the property from plaintiff; that defendants misrepresented to the owner Irving Trust Company that defendant George W. Warnecke & Co., Inc., was the broker; and that defendants suppressed the fact that the property had been brought to defendants' attention in the first instance by plaintiff, the complaint is nevertheless defective in that it does not set forth facts showing that plaintiff has sustained any legal damage as the result of defendants' conduct.

There are no factual allegations that plaintiff could have negotiated the transaction ultimately effected by defendants had it not been for defendants' alleged deceit. Plaintiff merely advertised the property and at defendants' request sent them a letter and a circular which supplied the location and particulars without even suggesting the name of the owner. The terms upon which the transaction was closed were essentially different from those submitted by plaintiff. No legal damage resulted from any of the acts of defendants. The claim that plaintiff could have earned a commission or was deprived of a commission on the basis of the allegations stated in the complaint is a pure conclusion founded upon the merest surmise and speculation. *Portman* v. *Burack* (265 App. Div. 959, affd. 290 N. Y. 686) is apposite. There the court, in reversing an order denying a motion for judgment on the pleadings, granted the motion, dismissed the complaint for insufficiency, and said: '' The complaint does not contain facts sufficient to show that, if defendants had not interfered, plaintiff would have earned a commission. (*Union Car Advertising Co.* v. *Collier*, 263 N. Y. 386, 401.) * * * · If facts were stated showing that negotiations between plaintiff and defendants had reached a stage as a result of which plaintiff would have earned a commission if it were not for the alleged deceit of defendants, a cause of action would have been stated.''

Moreover, defendants' failure to make full disclosure of the source from which they received information that the property was for sale created no cause of action. In effect all that plaintiff did here was to bring the property to the attention of the ulti-

mate purchaser. This gives the broker no right to a commission. (*Oppenheimer* v. *Barnett,* 131 App. Div. 614.) " The duty of a broker employed to sell property is to bring the buyer and seller into accord. To entitle him to commissions he must produce a purchaser ready and willing to enter into a contract on the employer's terms; and the broker is not entitled to commissions for unsuccessful efforts to effect the sale, unless the failure is the fault of the principal. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378.) " (*Sampson* v. *Ottinger,* 93 App. Div. 226, 227.)

A purchaser has the right to choose the broker through whom he wishes to negotiate. That a broker may have been the first to bring the property to the attention of the buyer or that he may have initiated negotiations does not give the broker the right to a commission, particularly where, as here, no exclusive agency is claimed. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Treadwell* v. *Truesdell,* 207 App. Div. 110.) Even where the broker conducts extensive negotiations for the sale of property, he may not recover so long as he has been unsuccessful in procuring the terms which he was authorized to obtain. (*Basch* v. *Salvation Army,* 244 App. Div. 230, affd. 271 N. Y. 589.)

The case of *Keviczky* v. *Lorber* (290 N. Y. 297), upon which respondent seems to rely, is not in point. There the Court of Appeals held that a wrongful conspiracy between seller and purchaser of realty and a dummy broker which kept a broker from completing the sale of certain premises, and thereby prevented the broker from earning his commission, was an actionable wrong. In that case it was shown that the deal, following months of negotiations between buyer and seller, would have been closed upon agreed terms and plaintiff would have received his commission had not defendants deprived him thereof by means of an unlawful agreement not to deal with plaintiff because he would not surrender a large share of his commission to the prospective purchaser. No such facts appear in the pleading here attacked.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with leave to plaintiff to serve an amended complaint within ten days after service of order, on payment of said costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order, on payment of said costs.