DONOHUE CO. REAL ESTATE, INC., Plaintiff, *v.* DAVID TISHMAN et al., Defendants.

Supreme Court, Special Term, New York County, December 12, 1946.

*Charles H. Tally* and *Reuben Tally* for defendants.
*A. Edward Feeney* for plaintiff.

BOTEIN, J. This motion seeks to dismiss the complaint as insufficient or in the alternative to strike various allegations from the pleading or to compel the separate statement and numbering of distinct causes of action.

Although plaintiff alleges that it was employed by the defendants for the purpose of enabling them to purchase specified real property, it does not allege that the agreement of employment provided that the defendants were to pay the brokerage commissions. Paragraph fifth states that the compensation to be paid to the plaintiff was that established by the Real Estate Board of New York, but it is silent as to whether the compensation was to be paid by the sellers of the properties in question or by the defendants. If the present complaint had alleged that as a result of plaintiff's efforts the owners of the properties were willing to sell them to defendants on terms satisfactory to the latter, or on the terms which plaintiff had been hired to procure, but that defendants refused to purchase, it might state a good cause of action on the theory that defendants' breach of their agreement with plaintiff prevented it from earning the brokerage commissions which it would ordinarily obtain from the sellers. The case of *Ackman* v. *Taylor* (296 N. Y. 597), relied upon by plaintiff, sustains such a theory.

The present complaint alleges, however, that the defendants did purchase the properties in question in the names of their nominees. In the absence of allegations that the agreement between plaintiff and defendants provided expressly or impliedly that they, rather than the sellers, would pay the commissions, no cause of action is stated against them. For aught that appears plaintiff is entitled to and may recover the commissions from the sellers by whom they are ordinarily payable. None of the acts charged to the defendants constituted any violation of the terms of the agreement of employment alleged in the complaint. They hired plaintiff to bring about a sale of certain property to them and they thereafter purchased the property. The allegations of intent to defraud, conspiracy and collusion are conclusions without ultimate facts to support them. The case of *Kevicsky* v. *Lorber* (290 N. Y. 297) is not in point. That case, as indicated by the Appellate Division of this department in *Newberry & Co.* v. *Warnecke & Co.* (267 App. Div. 418, 421), involved a situation where " * * * it was shown that the deal, following months of negotiations between buyer and seller, would have been closed on agreed terms and plaintiff would have received his commission had not defendants deprived him thereof by means of an unlawful agreement not to deal with plaintiff

because he would not surrender a large share of his commission to the prospective purchaser." No such facts are alleged in the present complaint.

The motion is accordingly granted to the extent of dismissing the complaint as insufficient, with leave to serve an amended complaint within ten days from the service of a copy of this order with notice of entry. The motion, insofar as it seeks alternative relief, is denied as academic.