Per Curiam.

After giving the allegations of the complaint the benefit of every reasonable inference and intendment, we find that no cause of action has been pleaded against any of the defendants.
In an action to recover damages for wrongful interference with a prospective contract, it must be shown that the contract would have materialized but for the wrongful interference. (Union Car Adv. Co. v. Collier, 263 N. Y. 386; Portman v. Burack, 265 App. Div. 959, affd. 290 N. Y. 686; Newberry & Co. v. Warnecke & Co., 267 App. Div. 418, affd. 293 N. Y. 698.) The complaint herein fails to meet that requirement. While it may reasonably be inferred from the allegations of the eleventh and twelfth paragraphs of the complaint that plaintiff would have obtained employment with the defendant Ben Hyde, except for the wrongful conduct of the other defendants, the effectiveness of those allegations is completely nullified by the twentieth paragraph. In that portion of the complaint it is alleged that the statements and representations made by Ben Hyde, which are set forth in the eleventh and twelfth paragraphs, were false and “ that in truth and in fact the defendant Ben Hyde had no intention of ever employing plaintiff ”. That being so, the defendant could not possibly have interfered with plaintiff’s prospective employment by Hyde.
The order should therefore be reversed, with $20 costs and disbursements, and the motion to dismiss the complaint granted, with leave to the plaintiff to serve an amended complaint within ten days after service of the order to be entered herein.
Peck, P. J., G-lennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of the order, with notice of entry thereof, on payment of said costs.