Samuel W. Eager, J.
Motion to dismiss complaint is granted. Mr. Justice Breuhah and Mr. Justice Supple dismissed prior complaints by this plaintiff in a prior action in which the moving defendant was a party defendant. It appears that there has been nothing new added to the complaint in the present action by way of allegations material to a cause of action against the defendant, and, therefore, the decisions of Mr. Justice Brehnah and Mr. Justice Supple are res judicata as to the insufficiency of the complaint now before the court.
It is true that the present complaint pleads evidentiary detail (letters) not set up in the prior complaints, but such details are not properly incorporated in any complaint; and the details do not tend to present a complaint substantially different from the prior complaints.
Furthermore, and independent of the application of the doctrine of res judicata to require a dismissal of this complaint, it appears to the undersigned that it should be dismissed as insufficient as a matter of law. The complaint alleges that certain real property owners employed plaintiff as a licensed real estate broker to procure purchasers for certain properties owned by them, and that ‘ ‘ in the event of any sale of said properties made by plaintiff, the plaintiff was to receive for his services as Real Estate Broker the sum of Eight Thousand Two Hundred Fifty ($8250.) dollars. ’ ’ It is then alleged that defendant, an attorney at law, represented to plaintiff that he was agent for certain undisclosed persons interested generally in purchase of properties in the locality; that plaintiff showed defendant the particular properties which plaintiff was employed to sell; that defendant misrepresented that his principal or principals were out of the country for a time and not available, but that, in the meantime, he purchased the properties directly from the property owners as agent for his principals, all without the knowledge of the plaintiff; that the defendant, to mislead plaintiff, did fraudulently misrepresent to plaintiff that his principals were *640 not interested in the property and, with intent to defraud plaintiff of his commissions, did contract to purchase the property direct from the owners. Plaintiff alleges, therefore, that he was damaged in said sum of $8,250.
It appears from the complaint that the plaintiff never earned any commissions. As noted aforesaid, the complaint alleges that the plaintiff was to be paid for his services in the event of any sale of the properties “ by plaintiff,” but it appears therefrom that the plaintiff did not make a sale of any of the properties. Thus, the plaintiff was not deprived of lawfully owing commissions by the alleged fraudulent misrepresentations or acts of the defendant. Under the circumstances, therefore, to be sufficient, it would be necessary that the complaint contain allegations of fact tending to show that the plaintiff would have earned a commission if it were not for the alleged deceit or wrongful acts of defendant.
Whether the complaint is considered as one to recover for alleged fraudulent misrepresentations or one to recover for alleged wrongful interference with the contract the plaintiff had with the property owners, it would be necessary that the complaint show that the plaintiff was damaged by the alleged fraud or wrongful acts of defendant. It is settled law that damage is an essential element of a cause of action pleaded on either theory. Here, so far as it appears from the complaint, “ No legal damage resulted from any of the acts of defendants. The claim that plaintiff could have earned a commission or was deprived of a commission on the basis of the allegations stated in the complaint is a pure conclusion founded upon the merest surmise and speculation. ’ ’ (Newberry & Co. v. Warnecke & Co., 267 App. Div. 418, 420, affd. 293 N. Y. 698.) Thus, the complaint is insufficient. (Newberry & Co. v. Warnecke & Co., supra; Portman v. Burack, 265 App. Div. 959, affd. 290 N. Y. 686.)
It is also indicated in the recent decision of Spitzer v. Sachar (4 A D 2d 53) that the sufficiency of the complaint in an action such as this depends upon whether or not it alleges facts sufficient to show that, if the defendant had not dealt behind plaintiff’s back, the plaintiff would have earned a commission.
There having been three unsuccessful attempts to plead a cause of action, it is, under the circumstances, concluded that plaintiff has no cause of action against the defendant, and the dismissal of this complaint will be without privilege of repleading.