Jacob Markowitz, J.
Defendant moves for summary judgment dismissing the complaint. Plaintiff, a real estate broker and builder, sues herein for damages allegedly resulting from defendant’s actions, part of an alleged conspiracy and plan, whereby it discouraged prospective purchasers brought to it by plaintiff, who were ready, willing and able to purchase certain *58 realty owned by another, Thereafter, allegedly, defendant in conjunction with others purchased the premises and developed the property, using plaintiff’s ideas. Defendant is also a real estate broker and admits that plaintiff, through defendant, carried on negotiations for the purchase of the property concerned. However, defendant contends that plaintiff was unable, within the specified time limit for the purchase of the property, to acquire the necessary firm mortgage commitments and other financing for the building. The action is based upon a conspiracy and direct acts to wrongfully deprive plaintiff of a business opportunity.
The affidavits and depositions submitted on this motion contain sharply conflicting statements concerning the degree to which plaintiff had advanced in acquiring financing, the probability of his acquiring such financing, and the feasibility of a plan for development of the property allegedly conceived and promoted by plaintiff. There is no doubt that plaintiff had taken certain steps to form a syndicate to provide some financing, and that he had contacted certain mortgage brokers in connection with Ms acquisition of the necessary temporary building loan and permanent mortgage arrangements.
Defendant contends that on the proceedings thus far had herein, plaintiff has failed to prove the necessary degree of certainty that he would have consummated the deal but for defendant’s acts, citing Union Gar Adv. Co. v. Collier (263 N. Y. 386); Portman v. Burack (265 App. Div. 959); Debnam v. Simonson (124 Md. 354); Williams & Co. v. Collins Tuttle & Co. (6 A D 2d 302) and others. However, it must here be noted that we are not here faced with a determination of whether plaintiff, after trial, has proved his case (distinguishing Union Car Adv. Co. v. Collier, supra). In the Portman case (supra), which was on a motion to dismiss under rule 112 of the Buies of Civil Practice, cited in defendant’s memorandum, the court held that the complaint was defective because there was an absence of allegations of fact that the transaction would have been consummated were it not for defendant’s deceit. The instant complaint is not defective in that respect, nor is it attacked, by this motion, as being so defective.
Plaintiff, in the papers submitted in opposition on this motion, contends that he had verbal assurances from all concerned of the necessary financing. Defendant contends he did not. The pretrial examinations of the parties and of nonparties are equivocal. This court will not determine, at this stage of the proceedings, which party should prevail. Admittedly, the quantum of proof required before plaintiff can succeed in Ms cause differs from *59 that in most actions. “ [M]ore than a showing of qualified probability that the contract would have been completed but for the tortious interference ” is required (Williams & Co. v. Collins Tuttle & Co., 6 A D 2d 302, 306-307, supra). However, it is not for this court, at this point, to determine if this standard of proof has been met, particularly in view of the sharply conflicting factual issues present. The resolution of these controversies, essential to a determination of this case, is for the trial court after a full hearing; not for this court, on affidavits. The motion is denied.