(16 Misc. Rep. 390.)

GETZLER et al. v. BOEHM et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

REAL-ESTATE AGENTS—RIGHT TO COMMISSIONS.

In an action for commissions, it appeared that the contract required a personal introduction of the purchaser by plaintiffs to defendants; that plaintiffs first directed the purchaser's attention to the property; that they did not introduce him to defendants, or disclose his name as their customer; that such purchaser dropped the matter because the price named by plaintiffs was too high; that several weeks afterwards, noticing the property was vacant, such purchaser looked up the owners, and consummated a purchase at 25 per cent. less than the price offered by plaintiffs; and that the defendants did not know they were dealing with plaintiffs' customer. , *Held*, that plaintiffs were not entitled to recover.

Appeal from Seventh district court.

Action by Solomon Getzler and others against Isaac Boehm

and others to recover commissions alleged to be due plaintiffs for the sale of real estate for defendants. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wood, Shaffer & Eisler, for appellants.

Jeroloman & Arrowsmith, for respondents.

McADAM, J. The action is to recover brokerage on the sale of the lease and contents of the liquor store No. 63 Nassau street, this city. In November, 1894, the place in question was run by Joseph Kopetsky, who was anxious to dispose of it. He mentioned his purpose to David Hoexter, who called upon the plaintiffs, and signed in his own name an agreement employing them to sell the place for $10,000 cash. Kopetsky did not pay his rent, and was dispossessed; and a chattel mortgage on the stock in the store, held by Beadlestown & Woerz, was foreclosed about December 9, 1894. The defendant Boehm was one of the owners of the lease, and the codefendant Coon owned the fixtures in the place. Boehm was interested in protecting himself on the lease, and Coon in getting compensation for his fixtures. The plaintiffs called on Boehm after Kopetsky had been dispossessed, and asked him to sign a paper authorizing them to sell the place on commission. Boehm said he was not the sole owner of the place; that he had only an interest in the lease, but if they brought a man, and introduced him, and sold the place, they would then get their commission; and he thereupon gave the plaintiffs a letter to Mr. Coon, who owned the fixtures. Coon testified that Mr. Neumann, one of the plaintiffs, called upon him with the letter; that he (Coon) said he would be pleased to have the plaintiffs dispose of the property; that Neumann wanted to know the price, and Coon told him it was $6,000, but he would be pleased to get what offer Neumann could give; that Neumann said there was a commission, and Coon replied he was specific in all contracts, that he had had dealings in real estate, and had it understood with every broker that any man that procures a customer must introduce him, bring the party into his office, and close the contract there. While the plaintiffs had the property for sale under the Hoexter authority they advertised it, as a result of which they were waited upon by John E. Bartz, who in the latter part of December, 1894, purchased the property, in the name of his wife, for $4,500. Bartz was not introduced by the plaintiffs to the defendants. His name was not mentioned to them, nor theirs to him, until after the sale had been closed. The lowest price at which Bartz was offered the place by the plaintiffs was $6,000, and he said he dropped the matter as the price was too high; that about the latter part of December he found the place closed, and went downstairs into the restaurant, kept by a woman named Fuchs, where he met a gentleman, and inquired who the owners of the saloon and fixtures were; that he was directed to go to 45 Maiden Lane, where he would find out who the owners were; that he went there, and saw

the defendant Boehm; and that his interview with Boehm there led to the sale.

While it is undoubtedly true that the plaintiffs first directed Bartz's attention to the place, it is equally true that they did not introduce him to either of the defendants, or even disclose his name as their customer, and so did not perform the condition upon which their brokerage was made to depend. The only proposed purchaser whose name was mentioned to the defendants by the plaintiffs was a Mr. Kramer, of Hoboken, who never presented himself. The brokers did not bring the vendors and purchaser together, or cause a meeting of minds upon the subject-matter and terms. The negotiations opened by the brokers did not continue uninterruptedly to a culmination. On the contrary, Mr. Bartz testified that he dropped the matter because the price named by the brokers was too high. The sale was not consummated until some weeks afterwards, and then on different terms; and it was brought about by the parties themselves, in the accidental manner before described. That it was consummated in good faith is proved by the fact that the defendants did not know they were dealing with a customer of the plaintiffs. In some respects, the case resembles Baker v. Thomas, 12 Misc. Rep. 432, 33 N. Y. Supp. 613, in which a recovery for brokerage was reversed. There are cases holding that the only conditions precedent to a right to recover brokerage are the original discovery of the purchaser, and the starting of the negotiations by the broker, and a final closing of the bargain by or on behalf of the principal (Stillman v. Mitchell, 2 Rob. [N. Y.] 523); that the broker need not introduce the purchaser to the owner, nor the owner be notified that the buyer is the broker's customer (Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 322; Hanford v. Shapter, 4 Daly, 243; Levy v. Coogan [Com. Pl.] 9 N. Y. Supp. 534). And these cases are controlling where the negotiations continue uninterruptedly to a successful conclusion, except when the parties have, as in this instance, made the right to brokerage conditional upon the personal introduction of the purchaser by the broker before a sale is consummated. The plaintiffs—having, according to the finding of the justice, assented to this condition precedent—cannot now complain; for they must recover according to the terms of their employment, or not at all. As was said by the court of appeals in Sibbald v. Iron Co., 83 N. Y., at page 383, a broker "may have created impressions which, under later and more favorable circumstances, naturally lead to, and materially assist in, the consummation of a sale. He may have planted the very seeds from which others reap the harvest. But all that gives him no claim. It was part of his risk that, failing himself,—not successful in fulfilling his obligation,—others might be left, to some extent, to avail themselves of the fruits of his labors."

The judgment must be affirmed, with costs. All concur.