(121 App. Div. 494.)

### WILLIAM P. RAE CO. v. KANE et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. BROKERS—COMPENSATION—PERFORMANCE OF CONTRACT.

    Where plaintiff, who, together with other brokers, had the defendants' farm listed for sale, showed it to a committee of the board of education of New York City, and unsuccessfully attempted to sell it to the city as a site for a truant school, and later defendants gave another broker the right to sell it on commission, and through him made an agreement with the comptroller of New York City to sell the land to the city, not knowing that the plaintiff had made any attempt to do so, the plaintiff is not entitled to the commission.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 47.]

2. APPEAL—DISPOSITION OF CAUSE—REVERSAL—NECESSITY FOR NEW TRIAL.

    Although the court, on appeal from the denial of a motion to direct a verdict, determines that the motion should have been granted, it cannot then grant the motion and end the case, but can only reverse the judgment and order a new trial.

Appeal from Trial Term, Kings County.

Action by the William P. Rae Company against Peter F. Kane and others to recover a broker's commission for the sale of a farm. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Richard M. Martin, for appellants.

Frank Paine Reilly (Robert H. Elder, on the brief), for respondent.

GAYNOR, J. The controlling facts in the case are that the defendants put their farm of about 103 acres in the hands of a large number of brokers for sale, including the plaintiff; that the plaintiff's representative saw them; that they authorized the plaintiff to sell the farm at $650 an acre; that the plaintiff went with a committee of the board of education of the city of New York on April 25, 1904, and showed them several farms in the same vicinity, including the defendants' farm; that on one of these farms the plaintiff had a purchase option; that the said committee selected that farm for purchase and for a truant school; that the board of education resolved to purchase it; that the board of estimate and apportionment refused to do so on June 22, 1904, passing a resolution that no money would be spent for a school for truants until all willing pupils were first provided for; that on July 23 another broker called on the defendants and informed them he might sell their land to the board of education, and got an agreement from them that if he did so they would pay him a commission; that up to this time the plaintiff had never informed the defendants and they did not know that the board of education or the city was a proposed purchaser, or that any effort had been made to sell the defendants' farm to it; that on July 25, 1904, the defendants, through the said second broker, made an agreement with the comptroller of New York to sell the land to the city for $700 an acre; that on September 16, 1904, the board of estimate and apportionment approved such proposed purchase; that on September 21, 1904, the board of education approved of it; and the purchase was made.

The motion to direct a verdict for the defendants should have been granted. The plaintiff was entitled to a commission only on finding and producing a purchaser. They did not produce the purchaser or even notify the defendants that they were negotiating with the purchaser. The defendants made the sale through another broker, agreeing to pay him a commission, without knowing that the plaintiff had ever done anything to sell the land to the board of education.

Although the defendants were entitled to have the motion to direct a verdict in their favor granted, our practice is in such a condition that it appears that we cannot now grant the motion and end the case, but only reverse the judgment and order a new trial. This practice in many cases leads to much perjury on the new trial.

The judgment and order should be reversed and a new trial granted.

Judgment and order reversed, and new trial granted, costs to abide the event. RICH, J., concurs. HIRSCHBERG, P. J., and WOODWARD and HOOKER, JJ., concur in result.