JUNGEBLUT v. GINDRA.

(Supreme Court, Appellate Division, Second Department.     October 12, 1909.)

1. BROKERS (§ 56*)—SUFFICIENCY OF SERVICES.
    While a broker must be the moving cause of the sale in order to recover commissions, it is not essential that he take part in the negotiations resulting in the sale, or that the owner knows that the purchaser was the customer found by the broker.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

2. BROKERS (§ 86*) — ACTIONS FOR COMMISSIONS — SUFFICIENCY OF EVIDENCE —. CAUSE OF SALE.
    In an action involving defendant's right to commissions for procuring the sale of property, evidence held to sustain a finding that defendant was the procuring cause of the sale.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116, 117; ·Dec. Dig. § 86.*]

3. BROKERS (§ 65*)—COMPENSATION—MISCONDUCT OF BROKER—CONCEALMENT AS TO PURCHASER.
    Where defendant, who had undertaken to sell property for plaintiff on commission, when requested to give the name of the prospective purchaser, gave him the name of one not connected with the transaction, and plaintiff, after communicating with such person and learning that he would not purchase, sold the property to a customer procured by another, and deducted the commission without knowledge that the purchaser was in fact defendant's proposed customer, defendant was not entitled to commissions for the sale, though he was in fact its moving cause.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from Dutchess County Court.

Action by Nicholas Jungeblut against Conrad C. Gindra, in which defendant set up a counterclaim. From a judgment for defendant on the counterclaim, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Frederick C. McLaughlin, for appellant.
Frank B. Lown, for respondent.

MILLER, J.   The questions presented on this appeal arise on issues joined by the counterclaim and reply.   The defendant was the care-taker of a country place belonging to the plaintiff, and was employed by the plaintiff's agent to sell it.   It is undisputed that he was to receive a commission of 5 per cent. provided he produced a purchaser at $30,000, and it may be inferred from correspondence subsequent to the employment that he was to get that commission on a sale for a less sum.   He showed the property to a number of prospective purchasers, among others to a member of a religious order, the Marist Brothers, with whom he had negotiations extending over a period of several months.   He was informed by the brother with whom he negotiated that the latter could only purchase upon the authority of his superior in Europe, and was requested to withhold the name of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SUP. CT.) JUNGEBLUT V. GINDRA. 943

prospective purchaser pending the negotiations and the correspondence. From time to time he communicated the state of the negotiations to the plaintiff's agent, withholding, however, the name of the prospective purchaser, but informing him that the negotiations were held in abeyance pending correspondence with a superior in Europe. He also wrote the agent that the customer or his lawyer might communicate directly with the agent. Meanwhile one John C. Murray, a lawyer, called upon the agent and proposed to purchase the property. The agent knew that Murray was acting for an undisclosed principal, but did not inquire the principal's name. However, he wrote the defendant that other parties were becoming interested in the property, and advised him to procure his customer to communicate directly, saying to him that, if the property should be sold to any parties suggested by him, he would get his commission. In reply the defendant wrote as follows:

"You ask me for the parties' names who were after the place, one of the people are living in Rhinebeck, N. Y. named Mr. Ehlers and the ones who spoke of buying sometime ago, you may address Rev. Father Williams, Chaplain at St. Anns, Hyde Park Road, Poughkeepsie, N. Y. I hope you can give these people some inducements to buy. I have tried every way in my power."

Father Williams had looked at the property, but not on behalf of the Marist Brothers. He was not the brother with whom the defendant had dealt, and, so far as appears, was not a member of that order. The agent wrote to Mr. Ehlers, but received no reply. He wrote to Father Williams, and received from him a letter to the effect that, while he had examined the property, he was not contemplating the purchase of any at present, as he had sufficient to meet present requirements. Thereafter the agent sold the property to Murray, deducting from the purchase price the amount which he had agreed to pay the defendant as a commission. Though Murray made the contract in his own name, he was, in fact, acting for the Marist Brothers.

While the broker must produce, as well as find, a purchaser (Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601; Rae Co. v. Kane, 121 App. Div. 494, 106 N. Y. Supp. 47), it is not indispensable that he participate in the negotiations immediately resulting in a sale, or even that the owner know that the purchaser was the broker's customer (Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 319; Wylie v. Marine National Bank, 61 N. Y. 415). A charge to the effect that, in the absence of the broker, it was the duty of the owner to ascertain from the purchaser who sent him, was held correct in Bickart v. Hoffmann (Com. Pl.) 19 N. Y. Supp. 472. But it was intimated by this court in this department that there might be circumstances in which the fact that the owner was ignorant that the purchaser was the broker's customer would be controlling. Metcalfe v. Gordon, 86 App. Div. 368, 83 N. Y. Supp. 808.

I think there is sufficient evidence to justify a finding that the defendant was the procuring cause of the sale, and, if the sale had been made for $30,000, the sum for which the defendant was authorized to sell, it would not be important that the owner or his agent made the contract in ignorance of the fact that the purchaser was the defendant's customer. But it appears that the agent in good faith deducted

the amount of the commissions from the purchase price in the belief that there was no broker in the case. Undoubtedly, if his ignorance of that fact was due to his own fault, the broker might still recover; but the undisputed evidence shows that he was misled by the defendant. Obviously a broker cannot keep his customer in the dark, and allow him to fall into the trap of agreeing to pay another broker or of taking a less price for the property in the belief that no commissions are to be paid, and then recover his commission. When the defendant undertook to furnish the name of his customer, he owed his principal the duty of a full disclosure. But, instead of giving him the name of the brother with whom he had dealt, he referred him to one in no way connected with the proposed purchaser. Upon receiving Father Williams's letter, the agent was justified in believing that there was no chance to sell to the defendant's customer, and, thus misled, was not required to inquire the name of Murray's principal. The defendant not only failed to disclose the name of his customer, but actually misled his principal by giving the name of another person.

The plaintiff's motion to direct a verdict for the amount demanded in the complaint, which was concededly due, should have been granted.

Judgment and order of the County Court of Dutchess County reversed and new trial ordered, costs to abide the event. All concur.