ERNEST SCHULMAN, Respondent, *v.* ROYAL INDUSTRIAL BANK et al., Appellants, et al., Defendants.

First Department, June 17, 1952.

*George R. Spitz* of counsel (*Coleman Gangel* and *Benjamin J. Jacobson* with him on the brief; *Max M. Littman,* attorney), for appellants.

*Emil K. Ellis* of counsel (*Jonas Ellis* and *Abraham J. Heller* with him on the brief; *Emil K. Ellis,* attorney), for respondent.

CALLAHAN, J. This appeal presents the question as to the sufficiency of the third cause of action in a complaint by one claiming to have acted as broker in the sale of certain bank stock. Apparently the stock of defendant Royal Industrial Bank (hereinafter called '' Royal '') has been purchased by defendant Bronx Credit Union (hereinafter called '' Union ''). The plaintiff claims that he, through defendant Barber, interested the purchasers in acquiring the stock. The defendants may be divided into two groups consisting of Barber and Union on the purchasing side, with Royal and the other individual defendants on the other. A first cause of action is pleaded against all

defendants, except Barber and Union, and rests on the theory of contractual liability of the sellers to pay commissions earned on a consummated sale by reason of the plaintiff's performance of the brokerage agreement in producing a purchaser for the Royal stock. The second cause of action is against the same defendants and rests upon *quantum meruit* to recover the reasonable value of plaintiff's services.

The third cause of action now under attack is against all defendants in both groups aforesaid and charges a conspiracy to deprive plaintiff of his commissions. It alleges, in substance that defendants with knowledge of plaintiff's rights entered into a conspiracy to cheat him of his commissions and in pursuance thereof advised plaintiff that negotiations had been discontinued, whereas in fact they had not and had progressed to a completed sale. It is charged that defendants (other than Barber) received the purchase price of the stock and did thereby appropriate to themselves the benefits and profits arising from the nonpayment of plaintiff's commissions.

The third cause of action has heretofore been dismissed for insufficiency against all the nonappealing defendants. It clearly states no cause of action against Royal, for it alleges no more than an alleged conspiracy to breach its own contract, which would create no independent cause of action (*Labow* v. *Para-Ti Corp.*, 272 App. Div. 890). Plaintiff so concedes upon this appeal and consents to a dismissal of the complaint against the appellant Royal.

There thus remains the single question as to whether the third cause of action is sufficient as against Barber or Union. It will be noted that the theory of this complaint is an unlawful conspiracy by the defendants to deprive plaintiff of his commissions. It is not an action against these defendants for inducing a breach of plaintiff's contract of brokerage by the sellers of the stock. Accordingly, the defendants would only be liable if more than one of them conspired to do plaintiff harm and committed some wrongful act resulting in damage to him. A different question as to sufficiency would be presented if the complaint proceeded on the theory of inducing a breach of contract. In that case the defendants would be severally liable, and the existence of a cause of action in contract against one defendant would not affect his right of action against the tort-feasors (*Hornstein* v. *Podwitz*, 254 N. Y. 443).

As noted, the theory of the present complaint appears to be that the conspiracy was between two groups comprised of (1) Royal and its former stockholders, the nonappealing defend-

ants, on the sellers' side, and (2) Barber and Union on the buyers' side. The complaint has been dismissed as to all in the first group, so that we have the doubtful possibility of a conspiracy between those representing the buyers alone, who are one in effect and for the purposes of this case. They are those who paid rather than received the purchase price. Furthermore, with respect to the two defendants in the buyers' group the complaint alleges that one of them, Barber, in no way profited from the transaction.

Even if we were to assume the possibility of a wrongful conspiracy under such circumstances, it would be essential that damage to plaintiff be shown. The allegations of the first two causes of action asserting (1) the right to recover against the selling group for commissions earned, and (2) to recover against them on *quantum meruit* are reasserted in the third cause of action.

Plaintiff's claim generally is that he was deprived of his commissions by the receipt of false information from the defendants as to the progress of the sale. He does not rest on a general allegation of damage, but sets forth facts in the same cause of action, by repetition, that his efforts resulted in completing the sale and that thus he is entitled to recover his commissions from the sellers. His second claim contradicts the first, and the net effect is that there are no allegations of loss or damage from the conduct of these defendants. Damage is the gist of an action in conspiracy (*Shapiro* v. *Greenwich Savings Bank,* 266 App. Div. 359, affd. 293 N. Y. 724; *Simon* v. *Noma Electric Corp.,* 293 N. Y. 171, 177).

On the basis of the facts alleged in the third cause of action, we find it insufficient for failure to show an actionable conspiracy against the defendants-appellants.

The order appealed from should be reversed, with $20 costs and disbursements to defendants-appellants, and the motion of defendants-appellants to dismiss the third cause of action as to them should be granted.

COHN, J. P., VAN VOORHIS, HEFFERNAN and BERGAN, JJ.. concur.

Order unanimously reversed, with $20 costs and disbursements to appellants and the motion to dismiss the third cause of action as to them granted.