### RISSER v. HIRSHHORN et al.
#### No. 50, Docket 22422.

United States Court of Appeals
Second Circuit.

Argued Oct. 17, 1952.

Decided Nov. 12, 1952.

Milton M. Rosenbloom, New York City (O'Brien, Driscoll & Raftery and Arthur F. Driscoll, all of New York City, on the brief), for plaintiff-appellant.

Abraham N. Davis, New York City (Davis & Heffner, New York City, on the brief), for defendant-appellee Joseph H. Hirshhorn.

Emerson F. Davis, New York City (Duer, Strong & Whitehead and Charles F. Houghton, all of New York City, on the brief), for defendant-appellee R. H. Kress.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff, a real estate broker, brought this action against both the seller and the buyer of certain realty to recover a brokerage commission on its sale. Her complaint alleged the seller's contractual obligation to pay the commission and also charged the seller and the buyer jointly with conspiracy to deprive her of the commission. In a trial to the jury the district court dismissed the complaint against the seller on the merits at the close of the plaintiff's case. At the same time, the court in effect [1] dismissed the conspiracy claim against both defendants, but permitted plaintiff to amend her complaint to allege misrepresentation by the buyer, and to continue the case against him. This amended complaint was dismissed on the merits at the close of the entire case after presentation of evidence by the buyer and rebuttal by the plaintiff. Plaintiff now appeals from both orders of dismissal.

The evidence, viewed in the light most favorable to plaintiff, tended to establish the following: Defendant Hirshhorn had long been interested in selling his estate in the Pennsylvania Poconos. For this purpose, he entered into a written agreement on December 15, 1944, with Previews, Inc., an organization engaged in marketing real estate by circulating information on available properties to brokers and the public. In the agreement Hirshhorn stipulated: "I authorize you to list the property with brokers on my behalf and will pay one standard full commission to the broker who makes the sale. I will make it possible for brokers to show the property at all reasonable times and will keep you informed of these inspections. I reserve the right to withdraw the property from the market or to revise the price and terms of the offer. I shall notify you immediately of any such decision, as well as the details of all buying or exchange offers that are made, and of any rental, exchange or sale." The sales price was set at $137,500, unfurnished.

Previews thereupon prepared a brochure on the property which Hirshhorn approved. In July, 1947, the plaintiff, Mrs. Risser, obtained copies of this brochure from Previews and, later in the month, sent several of these to Schreiber, a nephew of defendant Kress. Schreiber had expressed interest in Pocono properties on behalf of a party who did not want his name publicized. This party, he confided to Mrs. Risser, was Kress. After inspecting the brochure, Schreiber undertook to pass it on to Kress. Several days later Schreiber contacted Mrs. Risser to inform her that Kress was favorably impressed with the property and that he wanted Schreiber to inspect it. This inspection took place on July 20, 1947, and was reported to Kress by Schreiber. The following day Lewis, a Previews official, wrote Hirshhorn of the inspection, identifying the prospect as Schreiber. Lewis knew that Schreiber was acting for Kress, but, in view of the injunction of secrecy, made no reference to Kress in this letter. The letter also mentioned Mrs. Risser's participation in the inspection, though it did not explicitly describe her as a broker.

[1]. Although the district court did not explicitly grant Kress's motion to dismiss the conspiracy claim, the colloquy with counsel shows that to have been its intent.

Kress himself visited the property several times during the summer and autumn of 1947 and negotiated directly with Hirshhorn. These negotiations culminated in a contract, dated October 17, 1947, for the sale of the property, including most of the furnishings, for $100,000. In this contract the parties agreed "that there are no brokers involved in this sale." Hirshhorn at no time informed Previews or Mrs. Risser of his dealings with Kress and did not inquire of either to ascertain whether or not Kress had any connection with them. Kress had apparently represented to Hirshhorn that he discovered the property through an advertisement which Hirshhorn had placed in Barron's Weekly on July 20, 1947.

Mrs. Risser and Previews did not learn definitely of the sales agreement until March, 1948. During the preceding November, after the contract was signed but before the deed was executed on January 12, 1948, Schreiber reported to Mrs. Risser that progress had been made in the Hirshhorn-Kress negotiations. Upon receipt of this information Mrs. Risser wrote to Kress offering her assistance as broker in concluding the sale. On December 23, Lewis, on behalf of Previews, sent a letter to Hirshhorn similarly offering their help and stating explicitly that Schreiber had acted for Kress and that Mrs. Risser was the broker involved. Neither of these letters was acknowledged. A similar fate met Mrs. Risser's letter to Hirshhorn of March 17, 1948, in which she enclosed a bill for the brokerage commission. Mrs. Risser thereupon brought this action.

■ This case, in which federal jurisdiction is based on diversity of citizenship, is governed by New York law. The contract between Hirshhorn and Previews was executed in New York, and any contractual obligation from Hirshhorn to Mrs. Risser stems from this agreement. The decisive negotiations between Hirshhorn and Kress also took place in New York, so that any tortious conduct by Kress must likewise have occurred in that state.

■ Under the New York decisions a real estate broker is entitled to a commission if he is the procuring cause of the sale, that is, if he brings seller and buyer together and a sale consequently results. Lloyd v. Matthews, 51 N.Y. 124; Sussdorff v. Schmidt, 55 N.Y. 319; see also Wylie v. Marine National Bank, 61 N.Y. 415. The right to collect the commission is not lost because the broker does not participate in the negotiations, Lloyd v. Matthews, supra; see also Jungeblut v. Gindra, 134 App.Div. 291, 118 N.Y.S. 942; or because the final terms of sale are not identical with those originally presented to the broker. Colvin v. Post Mortgage & Land Co., 225 N.Y. 510, 122 N.E. 454. And the broker may recover from a seller who did not actually know of the broker's connection with the transaction if, in the exercise of reasonable diligence, the seller could have ascertained this fact. Lloyd v. Matthews, supra; Sussdorff v. Schmidt, supra; Kalmanson v. Callahan, 276 App.Div. 983, 95 N.Y.S.2d 289; see also Wylie v. Marine National Bank, supra. Cohen v. City Bank Farmers Trust Co., 276 App.Div. 195, 93 N.Y.S.2d 609, and Jungeblut v. Gindra, supra, relied upon by Hirshhorn, are not inconsistent with this principle. In the Cohen case the broker informed the seller's agent that he had no prospective purchasers for the property, although the ultimate buyer turned out to be one of the broker's clients. Hence the seller could hardly be required to investigate further. The facts in the Jungeblut case are similar. There the seller's agent had asked the broker for the names of his prospects and, in his response, the broker failed to name the ultimate purchaser who had actually been his prospect. The decision in both these cases turned largely on the fact that the broker had himself misled the seller who was endeavoring to determine whether or not a broker was involved in the transaction.

■ In the present case the plaintiff introduced sufficient evidence on each essential element of her case against Hirshhorn to warrant its submission to the jury. There was certainly enough evidence that Mrs. Risser had been employed as broker through Previews and that she was the procuring cause of the sale. Indeed, the district judge in dismissing this claim stated that he thought a prima facie case had been

made out on each of these issues, but relied on plaintiff's failure to identify Kress to Hirshhorn as her prospect. Plaintiff, however, presented evidence from which the jury might possibly have inferred that Hirshhorn knew Mrs. Risser's connection with Kress. But we may pass the question of actual knowledge, since it seems to us clearly for the jury to decide if Hirshhorn had exercised reasonable care to determine whether Kress was a Previews or Risser prospect. In his contract with Previews, Hirshhorn undertook to inform the agency of inspections of the property as well as of all buying offers. If he had abided by these terms, Hirshhorn would readily have discovered the fact that Kress was Mrs. Risser's prospect. That this information would have been available to him upon inquiry is indicated by the letter Previews sent to Hirshhorn on December 23, when they believed that negotiations were reaching a crescendo, which fully explained their connection with Kress. Hirshhorn claims that he relied upon Kress's purported representation that no broker was involved. The issue whether or not this reliance was justified in view of Hirshhorn's obligation to exercise reasonable diligence should have been submitted to the jury for decision.

■ Hirshhorn argues that the district court's dismissal of the case against him is supported by Boyd v. Improved Property Holding Co., 135 App.Div. 623, 120 N.Y.S. 850, and Getzler v. Boehm, 16 Misc. 390, 38 N.Y.S. 52. Neither of these decisions is apposite. The brokerage agreements in both cases explicitly required the broker to identify his prospects to the seller. Hirshhorn points to the statement on the back of the Previews brochure to the effect that the "offering is subject to * * * approval of purchaser by owner" as imposing a similar condition. But this stipulation simply entitled the seller to reject an offer if he did not know the purchaser's identity or did not approve of him. It could affect the broker's

right to commission only if the seller availed himself of the privilege and refused to enter into a sales agreement. Certainly the condition is fully satisfied where the seller knew who the buyer was—as he did in this case—even though he did not receive this information from the broker.

We hold, therefore, that the district court erred in dismissing the complaint against Hirshhorn. Plaintiff needed to establish only that she was employed as the broker, that she was the procuring cause of the sale, and, if the seller did not have actual knowledge of this fact, that he could have ascertained it with the exercise of reasonable diligence. The evidence was sufficient on each of these issues to warrant their submission to the jury.

■ It follows from our disposition of the claim against Hirshhorn that dismissal of the case against Kress must also be reversed. The district judge was undoubtedly correct in dismissing the original complaint charging both Hirshhorn and Kress with conspiracy to deprive Mrs. Risser of her commission, see Schulman v. Royal Industrial Bank, 280 App.Div. 401, 113 N.Y.S. 2d 489, and also in permitting amendment of the complaint. But this amended complaint, claiming damages from Kress in the amount of a standard commission for his misrepresentation to Hirshhorn that no broker participated in the sale, raised issues which should have been left to the jury. If, at a new trial, the jury finds that Hirshhorn was entitled to rely on Kress's representation without investigating further, it seems quite clear that such representation by Kress would account for plaintiff's loss of commission, assuming that she is also found the procuring cause of the sale. In such event the jury must determine whether or not Kress made the statement charged and whether or not the other elements of misrepresentation under New York law have been established.[2] Our holding on this aspect of the case finds sup-

2. Actionable misrepresentation under New York law may consist of either negligent false representations or deceit. Gould v. Flato, 170 Misc. 378, 10 N.Y.S.2d 361; Ultramares Corp. v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139. The plaintiff never did make clear below which she was relying on (no actual written amendment being filed); but here counsel appears to rely on deceit.

port in Cohen v. City Bank Farmers Trust Co., supra, in which the Appellate Division held, on facts quite similar to those here, that the trial court erred in dismissing a claim of deceit against the purchaser.

Reversed and remanded as to each defendant.