SIDNEY GOODMAN, Doing Business as S. GOODMAN Co., et al., Appellants, *v.* ARNOLD S. KIRKEBY, Respondent, et al., Defendants.

First Department, May 12, 1953.

*Alexander Pfeiffer* of counsel (*Clarence S. Barasch* with him on the brief; *Pfeiffer & Crames,* attorneys), for appellants.

*Martin Lippman* of counsel (*Stephen S. Bernstein* with him on the brief; *McLaughlin & Stern,* attorneys), for respondent.

VAN VOORHIS, J.   This is an action for brokerage commissions against defendant Arnold S. Kirkeby, as purchaser of a controlling interest in a corporation owning real estate in Philadelphia, Pennsylvania.   Plaintiff brokers were not employed by Kirkeby, but by the seller, Herman Watkins, who has not been served with the summons and complaint. The first cause of action in the complaint was based on alleged conspiracy between Kirkeby, Watkins and others.   It was withdrawn at the trial.   The second cause of action is against Kirkeby alone, alleging that he induced Watkins to break his contract to pay plaintiffs' commission by misrepresenting that there was no agent or middleman in anywise involved in the transaction.   The second cause of action resulted in a verdict of $63,610.80 against Kirkeby.   This verdict was set aside by the Trial Justice, who thereupon directed a verdict in favor of Kirkeby, dismissing the complaint upon the law.   Plaintiffs have appealed.

The complaint was correctly dismissed for the reason that the record shows that Watkins could not have been misled by Kirkeby's representation that no broker was involved.   Watkins knew all of the material facts.   There is no evidence that he was induced by anything which Kirkeby did to break his contract to pay commissions to plaintiffs.

The facts in this case differ from those in *Cohen* v. *City Bank Farmers Trust Co.* (276 App. Div. 195) in that there the seller had been relieved from liability to the broker due to the act of

the purchaser. As was said in *Risser* v. *Hirshhorn* (199 F. 2d 917, 919), '' In the *Cohen* case the broker informed the seller's agent that he had no prospective purchasers for the property, although the ultimate buyer turned out to be one of the broker's clients. Hence the seller could hardly be required to investigate further ''. The broker there admitted that he had not informed the seller of the name of his prospect, until after the seller had contracted, through other brokers, to sell the property to the same ultimate purchaser. The seller was induced to contract for a sale through other brokers as a result of the purchaser's misrepresentation that the plaintiff brokerage firm had no part in effectuating the transaction. Under those circumstances, the purchaser, rather than the seller, was held liable to pay the commission, inasmuch as the purchaser knew that he was the plaintiff broker's prospect although the seller was ignorant of that circumstance.

The facts in the instant case are different. Here, the brokers admit that they notified Watkins that they had interested Kirkeby in buying the property, and actually base their claim to commissions on their contention that they repeatedly pressed Kirkeby upon Watkins' attention, and caused him to negotiate and deal with Kirkeby. It is thus apparent that, according to plaintiffs' version of the transaction, Watkins knew, throughout the course of the dealings, that Kirkeby had been interested in buying the property through the instrumentality of plaintiffs as brokers for Watkins. Having this knowledge, it was impossible that he could have been misled by Kirkeby's statement that no brokers had effectuated the sale. Watkins knew, according to plaintiffs' testimony, better than any other person, that this representation was false, and could not have relied upon it or been actuated by it in neglecting to pay to plaintiffs a commission. In this respect, the case differs not only from *Cohen* v. *City Bank Farmers Trust Co.* (*supra*) but also from *Risser* v. *Hirshhorn* (*supra*). In the latter case, it was not certain that the seller knew the identity of the prospective purchaser, and a new trial was directed in order to determine whether the seller could have learned his name in the exercise of reasonable diligence. The false representation by the purchaser, in that case, that no broker was involved, entered into whether the seller had used reasonable diligence to ascertain whether there was a broker to whom a commission would be owed. There, as here, the conspiracy cause of action had been dismissed, and the Court of Appeals, Second Circuit, indicated that the seller or buyer

might be held in the alternative, depending upon whether the seller knew or should have known the buyer's identity. The opinion states (199 F. 2d 920) : " If, at a new trial, the jury finds that Hirshhorn [seller] was entitled to rely on Kress's [purchaser's] representation without investigating further, it seems quite clear that such representation by Kress would account for plaintiff's loss of commission, assuming that she is also found the procuring cause of the sale." The conclusion, thus stated, was to the effect that there might be a recovery of a commission against the purchaser if his false representation had misled the seller, to his damage, by inducing him to contract for a sale of the property under the misapprehension that he was not liable for a commission. Under those circumstances, as in the *Cohen* case, the purchaser was held to be liable to pay the commission, although he had not hired the broker, if the broker's right to recover against the seller had been defeated by the purchaser's fraud. No fraud of that kind could exist, however, unless the seller were to be deceived by the purchaser's misrepresentation, and no deception could occur if the seller already knew the true fact, viz., that the purchaser was the same person to whom the broker had introduced the property and with whom the broker had kept him in negotiation.

Only in exceptional cases is a purchaser held liable to pay commissions to real estate brokers whom he has not employed in connection with the purchase of the premises.

Neither are the facts in this record similar to those upon which recoveries were allowed in *Hornstein* v. *Podwitz* (254 N. Y. 443) or in *Keviczky* v. *Lorber* (290 N. Y. 297). In the *Hornstein* case the purchaser and seller were held for the reason that, by a collusive arrangement, the seller discharged the broker in order that he and the purchaser might each benefit by one half of the commission. In the *Keviczky* case the purchaser refused to buy unless the plaintiff broker paid to him one half of his commission. When the broker refused to do so, the seller discharged him, and employed another broker, who did divide his commission with the same purchaser upon consummation of the sale.

Although a seller and a purchaser may both be liable under the circumstances of the *Hornstein* or *Keviczky* cases, that is not the present situation, which, as plaintiffs' counsel has argued, more nearly resembles the facts in the *Cohen* and *Risser* cases. In them, however, liability of the purchaser was based upon the circumstance that the broker had lost his right of recovery

against the seller due to deception by the buyer. In this case, there is no contention that the seller, with whom plaintiff brokers contracted, has been relieved of liability but, on the contrary, he was made a party defendant, and the only reason on account of which the cause of action against him was not pressed is that he resides in another State, and could not conveniently be served with process. Inasmuch as the complaint must be dismissed upon this ground, it is not necessary to consider the other grounds adduced to support the determination of the trial court.

The judgment appealed from should be affirmed with costs.

PECK, P. J., GLENNON, DORE and BERGAN, JJ., concur.

Judgment, so far as appealed from, unanimously affirmed, with costs. [See *post,* p. 684.]