Victor Spitzer, Appellant, v. Louis Sachar, Respondent.

First Department, May 21, 1957.

*Bernard Bernstein* of counsel (*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames,* attorneys), for appellant.

*Herbert Shiff* of counsel (*Samuel Lawrence Brennglass* with him on the brief; *Leo Kotler,* attorney), for respondent.

PECK, P. J.  The question on this appeal is the sufficiency of the complaint which was dismissed by the order appealed from.

Plaintiff is a real estate broker.  The complaint alleges that plaintiff was employed to effect a sale of the Hotel Weylin; that he interested one Louis Schleifer in the purchase of the premises on specified terms, a proposed contract of sale was prepared to carry out the purchase and Schleifer was ready, able and willing to enter into such contract of purchase upon terms and conditions about to be made mutually satisfactory.  It is then alleged that defendant, with knowledge of plaintiff's employment as a broker and of his negotiation of the sale with Schleifer, agreed to become a partner and joint venturer with Schleifer in the purchase of the premises.  Finally it is alleged that defendant, without the knowledge or consent of Schleifer, and without the knowledge of plaintiff or the seller that he was a partner of Schleifer, with the intent to deprive plaintiff of his commissions and compensation, planned and schemed to acquire the premises for himself without the plaintiff's agency and negotiated with the owner for the purchase of the premises and closed title.  It is concluded that defendant unlawfully and illegally induced the seller to breach the contract of employment with plaintiff and that defendant unlawfully and illegally prevented plaintiff from receiving his commission.

The court at Special Term held that the allegations of the complaint do not support the conclusory statement that any breach of contract on the part of the seller was induced by defendant, and that there was no sufficient allegation of any obligation on defendant's part running in favor of plaintiff which would inhibit defendant's own negotiation for the purchase of the property.

The complaint is not free from equivocation in its allegations of the arrangements for the proposed purchase, and we would agree with Special Term that the complaint does not spell out an inducement of a breach of contract.  But we do think that the complaint is sufficient in alleging a relationship between plaintiff and defendant, in reference to the transaction, which would make defendant's antagonistic action a wrongful and unlawful defeat of plaintiff's rights.

Crediting as we must, for the purposes of the motion, the allegation that defendant had agreed to become a partner in the purchase which plaintiff was arranging, defendant occupied the position of an undisclosed principal or purchaser and owed plaintiff the same obligation as any prospective purchaser would owe to a broker through whom he was negotiating for the purchase of property.  Defendant would not be entitled to

conspire with the seller to create a false front and freeze plaintiff out (*Keviczky* v. *Lorber*, 290 N. Y. 297). We think that defendant was no more entitled by conniving and deceitful action of his own to take advantage of plaintiff's labor and freeze him out.

According to the complaint, defendant was deceitful alike toward his partner, the seller and plaintiff. We need not contemplate the circumstances under which one person learning from another of a proposed deal might or might not be free to intrude on his own. Apart from any duty owned Schleifer, defendant stood in a relationship to plaintiff which made his conduct, in dealing behind plaintiff's back and in concealing that relationship from the seller, a breach of his obligation to plaintiff. The case posed is not unlike that presented in *Cohen* v. *City Bank Farmers Trust Co.* (276 App. Div. 195; cf. *Goodman* v. *Kirkeby,* 282 App. Div. 86).

The cases relied upon by defendant are readily distinguishable. It cannot be said here, as was stated by the court in *Newberry & Co.* v. *Warnecke & Co.* (267 App. Div. 418, 420) that there are no factual allegations that plaintiff could have negotiated the transaction ultimately effected by defendant had it not been for defendant's alleged deceit. Similarly, in *Portman* v. *Burack* (265 App. Div. 959) the court observed that the complaint did not contain facts sufficient to show that if defendant had not interfered plaintiff would have earned a commission. The court there concluded by saying: "If facts were stated showing that negotiations between plaintiff and defendants had reached a stage as a result of which plaintiff would have earned a commission if it were not for the alleged deceit of defendants, a cause of action would have been stated."

The present complaint is sufficient by that standard. The order appealed from should be reversed and the motion denied, with costs to appellant.

BREITEL, BOTEIN, RABIN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.