VnsrcEiTT A. Lupiano, J.
Plaintiff sues to recover brokerage commissions. He sues the seller, the buyer, the substituted broker and the corporation taking title on behalf of the real buyers, including the purported substituted broker. All defendants save the seller move for dismissal pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.
Conspiracy to breach its own contract cannot be charged against the seller. It appears conclusively by the allegations that the seller was fully informed by the plaintiff of all the facts relating* to the proposed purchasers introduced by the plaintiff to the transaction and who, plaintiff says, were in fact, the buyers. As a result there could be no interference with or inducement to the seller to breach its contract. The complaint involves, in addition, an alleged insistence by the proposed buyers upon a ‘ ‘ kick back ’ ’. While that may have been the motivation, no liability would arise unless the motive was activated by tortious conduct. This the plaintiff attempts to supply by allegation that there was misrepresentation as to the identity of the broker. As already noted, there could not be a misrepresentation (Goodman v. Kirkeby, 282 App. Div. 86). If, however, the seller were involved in the “ kick back ” as a result of the alleged conspiratorial substitution, the situation would be different.
Plaintiff alleges: ‘ ‘ That in purchasing said property from the defendant Londa Realty Corp. [owner], the defendants Albert Etingin, Alter Gochalk and Fifth-Fourth Street Associates, Inc. acted wrongfully and illegally in that the said property was purchased for their joint benefit and behoof and in that said brokerage commission, which the defendant Alter Gochalk contracted to receive, was intended by these defendants to enure for their own exclusive benefit, to the loss and detriment of the plaintiff.”
The intent is ambiguous as to the denotation of the words “ these ” and “ benefit”. If plaintiff possesses ultimate facts whose statement would make the complaint good in this respect, he may serve an amended complaint within 20 days from service of a copy of this order with notice of entry.
The motion is granted accordingly.