Owen McGivern, J.
Defendant Shepherd Construction Co., Inc., moves for dismissal of the second cause of action contained in the second amended complaint for legal insufficiency and the remaining defendants by separate motion move for like relief. It is alleged therein that the defendant Shepherd Construction Co., Inc., owned a quantity of machines, machinery and equipment located in Africa. Plaintiff was employed by that defendant to sell and defendant was to receive the total net sum of $370,000, plaintiff to retain any purchase moneys in excess of the agreed net price. Plaintiff did sell a portion of the inventory and defendant received a total of $241,981, leaving a balance to be received by that defendant in the sum of $128,091. It is further alleged that in the month of May, 1955 plaintiff obtained a firm order for the purchase of the remaining inventory for the sum of $330,000 from the named proposed purchaser, the defendants were advised of such offer and all of the defendants had full knowledge of the agreement between the plaintiff and the defendant Shepherd Construction Co., Inc. Prior to May 30,1955 that defendant and its cojoint venturers, the codefend *13 ants, conspired to deprive the plaintiff of its profits from the sale of the remaining inventory to be derived from the performance of the employment agreement and to obtain and retain such profits for themselves by offering the unsold inventory to customers obtained by the plaintiff and with whom plaintiff was negotiating at prices lower than those offered by the plaintiff but substantially in excess of the balance due to the defendant Shepherd Construction Co., Inc. Pursuant to such plan that defendant authorized the codefendants to offer the balance of inventory for sale to the named proposed customer secured by the plaintiff upon a firm offer to pay the sum of $330,000 and such offer of sale was to be made for a sum less than the price which plaintiff obtained but substantially in excess of the balance due the defendant Shepherd Construction Co., Inc. Such an offer, it is alleged, was made to Technical Contracting Co. which had made its firm offer to the plaintiff and as a result of such offer Technical Contracting Co. cancelled its order with the plaintiff and refused to consummate that transaction. Further in pursuance of the conspiracy and with knowledge, consent and authorization of the defendant Shepherd Construction Co., Inc., the codefendants similarly offered portions of said inventory to other customers with whom plaintiff was negotiating, with full knowledge of such negotiations. As a result of such offers plaintiff was unable to make any further sales of the inventory and "the defendants did, in fact, sell some part or all of the inventory to customers with whom plaintiff had been negotiating.
Upon an appeal from the order 'denying the motions of the defendants addressed to the similar cause of action contained in the original complaint, the Appellate Division in a Per Curiam opinion stated (6 A D 2d 415, 417): ‘‘ The pleading does not allege ultimate facts sufficient to state a cause of action either of tortious interference with a business opportunity or a tortious inducement to breach the contract already in existence between the plaintiff and Shepherd. * * * The breach by Shepherd realleged in the third cause of action adds nothing to the complaint, since one contracting party does not have a cause of action against the other for conspiring to breach the contract, or for that matter for inducing the breach (Lobow v. Para-Ti Corp., 272 App. Div. 890; Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495; Schulman v. Royal Ind. Bank, 280 App. Div. 401; but see Buckley v. 112 Central Park South, 285 App. Div. 331). A different question is presented with respect to those in the joint venture other than Shepherd. ’The plaintiff’s right to recover would then be grounded on their ;acts in inducing Shepherd to breach its contract with the plain *14 tiff. In such case, the joint venture defendants would ho severally liable, and the existence of a cause of action in contract against Shepherd would not affect the plaintiff’s right of action against the tort-feasors (Hornstein v. Podwitz, 254 N. Y. 443; Schulman v. Royal Ind. Bank, 280 App. Div. 401, 403, supra).”
This cause of action, as contained in the original pleading, realléged the allegations of two other causes therein stated and based upon a claim of breach of contract by the defendant Shepherd Construction Co., Inc. Such allegations are not now realleged in the second cause of action in the second amended complaint and there is therein contained no allegation or claim based upon breach of contract by that defendant. However, whether the cause be considered one based on tortious interference with a business opportunity or a tortious inducement to breach a contract, the defendant Shepherd Construction Co., Inc., is not a proper party thereto and no cause of action is stated as against it. The statement of the present cause of action is not conclusory, and the plaintiff does state against the cojoint venturer defendants a sufficient cause of action for interference with the plaintiff’s business opportunity. The motion of the defendant Shepherd Construction Co., Inc., is granted dismissing the second cause of action contained in the second amended complaint as against it and the motion of the codefendants is denied.