Aron Steuer, J.
Of the three causes of action pleaded only the second seeks relief against the moving defendant Percoco. He moves to dismiss for failure to state a cause of action. The allegations are that plaintiff and Percoco were the managers for one Coby, a singer. Goby is not a party to the action. The *628 complaint further alleges that Percoco conspired with one Suss el, the remaining defendant, to induce Coby to breach that contract and that pursuant to that inducement, Goby did. The language of the complaint is not as clear as it might be to set out these facts but this is not the ground of attack and the matter is considered as if the allegations were perfect in form. It is clear that a party to a contract cannot sue the other party for inducing a breach of the latter’s own contract. The principle is quite clear that the fact that the obligor may have reached his determination to breach by virtue of inducement of others adds nothing to his breach and gives no additional rights as against him (Cukor Ind. v. Crow Constr. Co., 6 A D 2d 415). From this defendant argues that as Percoco was a party to the contract breached he cannot be sued. Although there is no reported case on the point, the defendant’s position is not well taken. In every reported case where an obligor has been sued for inducing breach of a contract there has been one cause of action for the breach itself. It is probable that even if no cause of action was pleaded for the breach plaintiff would be limited to that relief. That would be because he could be made whole thereby. But here while Percoco was a party he did not breach. So that as far as performance was concerned there could be no cause of action against him. As alleged his sole fault was in influencing Goby’s action. While this might have been a breach of faith it would be immaterial whether if is alleged that he broke his contract by inducing Goby to breach or that he wrongfully induced that breach. The motion is denied.