165 So.2d 434 (1964)
Robert DAYS and Matthew Lewis, Appellants,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, and R.W. Wyckoff, Appellees.
No. 63-839.
District Court of Appeal of Florida. Third District.
June 23, 1964.
*435 Frates, Fay & Floyd and Larry S. Stewart, Miami, for appellants.
Bolles, Prunty, Martin & Goodwin, Miami, for appellees.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The plaintiffs, who are appellants here, were formerly employed as "hose cutters" on a "temporary status." The defendant, appellee, is the Florida East Coast Railway Company. A "hose cutter" was a work classification designating those employees of a railroad company whose specific duty was to aid in the make-up and break-down of trains by the coupling and uncoupling of air hoses.
The complaint filed by the appellants alleged that they were employed as "hose cutters" and were classified as "temporary" by reason of an agreement between the railroad and the Brotherhood of Railway Carmen of America, the plaintiffs' labor union. This agreement provided in part as follows:
"As additional Hose Cutters are hired they will be designated on the seniority list as `Temporary', with the understanding that their seniority rights will terminate, coincident with the termination of the seniority rights of the last Hose Cutter listed on Attachment `A' * * *."
The railroad wished to abolish the job of hose cutter. There were five "permanent status" hose cutters employed by the railroad. The practical effect of the situation was that if the railroad could rid itself of the hose cutters having a permanent status, it could then without liability abolish the position and discharge the temporary hose cutters. In order to effect this result, the railroad paid a bonus to each of the permanent hose cutters and secured their resignation. Thereafter, it discharged the plaintiffs.
The plaintiffs instituted an action in the circuit court seeking damages for what they alleged to be a malicious conspiracy by the railroad and its Director of Personnel to deprive the plaintiffs of their rights under the agreement with the labor union. The trial judge denied a motion to dismiss the complaint for failure to state a cause of action. Thereafter he granted defendants' motion for a summary judgment and entered a judgment for the defendant railroad. The plaintiffs appeal from this summary final judgment, and the defendants cross-assign error upon the order denying its motion to dismiss the complaint. We conclude that no cause of action was stated by the complaint and therefore do not reach the question of the summary judgment.
The allegation of conspiracy does not better appellants' position because the gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff. Liappas v. Augoustis, Fla. 1950, 47 So.2d 582; Ocala Loan Company v. Smith, Fla. App. 1963, 155 So.2d 711. We therefore do not further discuss the question of whether plaintiffs could establish a conspiracy between the railroad acting through its Chief Personnel Officer and the Personnel Officer in a presumed individual capacity
The appellants lay great emphasis upon an allegation in their complaint that the acts necessary to clear the way for the discharge of the plaintiffs were done maliciously. We do not think that this allegation is salient to the question of whether the complaint states a cause of action. Reduced *436 to its essentials, the complaint alleges only that the railroad wrongfully discharged the plaintiffs because they had some rights under an agreement between the railroad and the union. The courts of this State recognize the existence of a cause of action for wrongful interference with contractual rights when this interference is by a third person. Dade Enterprises, Inc. v. Wometco Theatres, Inc., 119 Fla. 70, 160 So. 209; Steffan v. Zernes, Fla.App. 1960, 124 So.2d 495. In the instant case the plaintiffs sought to allege a cause of action against their employer who was necessarily a party to their contract of employment. If the defendant, railroad, breached its contract to employ the plaintiffs, this breach of contract may not be converted into a tort by an allegation that it was maliciously done. Schulman v. Royal Industrial Bank, 280 App.Div. 401, 113 N.Y.S.2d 489 (1952); Prosser, Torts, § 106, p. 728 (2nd ed. 1955). We, therefore, conclude that appellants' allegation that the breach of contract was malicious added no new cause of action to their complaint.
The facts alleged in the complaint affirmatively show that the railroad did not breach its contract to employ the plaintiffs. The right of the plaintiffs to remain in the employment of the railroad company was contingent upon the railroads employment of "permanent" hose cutters. The action of the railroad in inducing the resignation of the "permanent" hose cutters was not in derogation of any right of the plaintiffs. Under the contract with the union, the seniority rights of the plaintiffs were utterly dependent upon the employment of "permanent" hose cutters. If it was wrongful as between the railroad and the "permanent" hose cutters for the railroad to pay a bonus to terminate their employment, the wrong was done to the "permanent" hose cutters and not the plaintiffs. Nevertheless, it does not appear from the allegations of this complaint that the action of the railroad was illegal. Cf., Hope v. National Airlines, Fla. App. 1957, 99 So.2d 244; Long v. Illinois Central R.R., 32 Ill. App.2d 103, 176 N.E.2d 812.
Therefore, the trial judge should have dismissed the complaint for failure to state a cause of action. Inasmuch as it affirmatively appears that further amendment would be fruitless, the court was in error when it failed to dismiss the complaint with prejudice upon defendants' motion. In this situation it was harmless error to enter a summary final judgment for the defendant.
Affirmed.