Arena Invs., L.P. v DCK Worldwide Holding Inc. (2023 NY Slip Op 02476)

Arena Invs., L.P. v DCK Worldwide Holding Inc.

2023 NY Slip Op 02476

Decided on May 09, 2023

Appellate Division, First Department

SINGH, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
David Friedman Anil C. Singh Saliann Scarpulla Julio Rodriguez III

Index No. 653506/21 Appeal No. 48 Case No. 2022-01456 

[*1]Arena Investors, L.P. et al., Plaintiffs-Respondents,
v
DCK Worldwide Holding Inc. et al., Defendants, Capstone Capital Group LLC, et al., Defendants-Appellants.

Defendants Capstone Capital Group, LLC and Capstone Credit, LLC appeal from the order of the Supreme Court, New York County (Jennifer Schecter, J.), entered on or about March 22, 2022, which, insofar as appealed from, denied their CPLR 3211 motion to dismiss claims asserted against them.

Prince Lobel Tye LLP, Purchase (James K. Landau of counsel), for appellants.
White & Case LLP, New York (Joshua Berman, Laura J. Garr and Dorian K. Panchyson of counsel), for respondents.

SINGH, J. 

We are asked to decide whether a party to multilateral contracts may be sued by its contracting counterparty for inducing a breach of those contracts. Here, we answer that question in the affirmative. The rights and duties of defendants are separate from those of the breaching party. Plaintiffs also lack a contractual remedy against defendants. Under this narrow set of circumstances, plaintiffs should be permitted to assert a cause of action for tortious interference with contract, despite defendants being signatories to the multilateral agreements.
Plaintiffs (collectively Arena) and defendants Capstone Capital Group, LLC and Capstone Credit, LLC (collectively Capstone) were co-lenders under a series of financing and security agreements to construction companies that operated under variations of the DCK label (the DCK Borrowers). As part of the agreements, the DCK Borrowers agreed not to incur any additional indebtedness or contingent obligations. Arena alleges that the DCK Borrowers defaulted on their obligations, and that subsequently, the parties as co-lenders attempted to resolve the default by the DCK Borrowers. Arena maintains that Capstone surreptitiously negotiated a different financing agreement with defendant DCK Antigua. Under this separate financing agreement, defendant DCK International — one of the DCK Borrowers — was required to issue irrevocable corporate guaranties to Capstone for the sums borrowed by DCK Antigua, improperly encumbering the co-lenders' joint collateral. Arena alleges, inter alia, that Capstone tortiously interfered with Arena's contract with DCK International by entering into this secret financing arrangement. Arena does not assert a cause of action against Capstone for breach of contract because the DCK Borrowers, not Capstone, had the contractual obligation not to incur additional contingent obligations.
On this record, Arena should not be precluded from stating a claim againstCapstone for tortiously interfering with its loan agreements with DCK International, even though Capstone was a party to those contracts. The loan agreements were multilateral contracts, under which Capstone's rights and duties as a lender were entirely separate from those of DCK International as a borrower. As we have previously acknowledged (see UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 476-477 [1st Dept 2011]), federal courts have permitted such claims (see Fillmore E. BS Fin. Subsidiary LLC v Capmark Bank, 552 Fed Appx 13, 17[*2]-18 [2d Cir 2014] ["[Defendant] has rights and duties that are separate from those of the breaching party. . . . Therefore, the fact that [defendant] is a party to the contract is an insufficient reason to dismiss the claim"] [quotation marks and citation omitted]; Rosecliff, Inc. v C3, Inc., 1995 WL 276156, *3, 1995 US Dist LEXIS 6281, *9 [SD NY 1995] [declining to dismiss cause of action against one party to an acquisition agreement for allegedly preventing another party from paying expenses and causing that other party to terminate the agreement]; Aljassim v S.S. South Star, 323 F Supp 918, 925 [SD NY 1971] [upholding cause of action against both time-charterer and owner/operator of vessel, because the contract or contracts at issue imposed separate duties on them]).
The general principle that only a nonparty to a contract can be liable for tortious interference derives from cases involving either bilateral contracts or contracts under which all defendants had the same or similar contractual obligations (see Schulman v Royal Indem. Bank, 280 App Div 401, 403 [1st Dept 1952] [dismissing cause of action against other party to brokerage agreement]; Labow v Para-Ti Corp., 272 App Div 890, 890 [1st Dept 1947] [dismissing cause of action against the two individual defendants who allegedly breached agreement to share commissions with the plaintiff]; Friedman v Roseth Corp., 270 App Div 988 [1st Dept 1946] [dismissing cause of action for alleged conspiracy to breach employment contracts], affd 297 NY 495 [1947]). In those cases, plaintiff had an adequate remedy for breach of contract because defendant was alleged to have breached its own duties to plaintiff under the contract (see Schulman, 280 App Div at 403 [cause of action against other party "alleges no more than an alleged conspiracy to breach its own contract, which would create no independent cause of action"], citing Labow, 272 App Div 890; Kay v Sussel, 22 Misc 2d 627, 628 [Sup Ct, NY County 1960] ["It is clear that a party to a contract cannot sue the other party for inducing a breach of the latter's own contract. The principle is quite clear that the fact that the obligor may have reached his determination to breach by virtue of inducement of others adds nothing to his breach and gives no additional rights as against him"], citing Cuker Indus. v Crow Constr. Co., 6 AD2d 415 [1st Dept 1958]).
This reasoning does not apply, however, if the inducing party is subject to duties that are different from those it allegedly encouraged another party to the contract to breach. Given such facts, the plaintiff cannot assert that the offending defendant breached a contractual obligation to it. "[T]he fact that one may derive rights under the same agreement as two other contracting parties does not excuse interference with their contractual rights" (Aljassim, 323 F Supp at 926). When breaching and inducing parties have different rights and duties, if the plaintiff is unable to recover fully from the breaching [*3]party, a tortious interference claim against the inducing party may be necessary for the plaintiff to be made whole. Kassover v Prism Venture Partners, LLC (53 AD3d 444 [1st Dept 2008]), relied upon by Capstone, is not to the contrary. In Kassover, third-party beneficiaries under a merger agreement sued the parties to those agreements and the entities that owned or controlled them, alleging that they had prevented plaintiffs from receiving the money they were owed. Thus, the parties to the merger agreement owed the same obligation to plaintiffs: to ensure that they were properly paid for their shares. The defendants who were not party to the merger agreement, as the owners to the parties, were not truly strangers to the contract (see Koret, Inc. v Christian Dior, S.A.,161 AD2d 156, 157 [1st Dept 1990], lv denied 76 NY2d 714 [1990]).
Finally, as to Capstone's claim that it acted with Arena's knowledge and consent, at the summary judgment stage Capstone may be able to show that it was justified in taking the actions that it took. However, it was not entitled to CPLR 3211 (a) (7) dismissal of the tortious interference claim (see e.g. Rovello v Orofino Realty Co., 40 NY2d 633, 634-636 [1976]).
We have considered Capstone's remaining contentions and find them unavailing.
Accordingly, the order of the Supreme Court, New York County (Jennifer Schecter, J.), entered on or about March 22, 2022, which, insofar as appealed from, denied the motion of defendants Capstone Capital Group, LLC and Capstone Credit, LLC, to dismiss the claims against them pursuant to CPLR 3211 (a) (7), should be affirmed, without costs.
Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about March 22, 2022, to dismiss the claims against them pursuant to CPLR 3211 (a) (7), affirmed, without costs.
Opinion by Singh, J. All concur.
Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023